507 F.2d 146
 SUN SHIPBUILDING & DRY DOCK COMPANY, Appellant,
v.
Lawrence S. BOWMAN, Deputy Commissioner, United States
Department of Labor, Office of Workmen's
Compensation Program, Third Compensation
District, Appellee.
 No. 74-1315.
 United States Court of Appeals, Third Circuit.
 Argued Nov. 14, 1974.
Decided Jan. 2, 1975.
 
 John F. Runzer, Hedy M. Powell, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for appellant.
 Robert J. Curran, Frank J. Bove, Philadelphia, Pa., William J. Kilberg, James G. Johnston, George M. Lilly, Jean S. Cooper, U.S. Dept. of Labor, Washington, D.C., for appellee.
 Appeal from the United States District Court for the Eastern District of Pennsylvania.
 Before VAN DUSEN, HUNTER and GARTH, Circuit Judges.
 OPINION OF THE COURT
 JAMES HUNTER, III, Circuit Judge:
 
 
 1
 This case involves a suit by Sun Shipbuilding & Dry Dock Company, a self-insured employer, to set aside an award granted against it by the Deputy Commissioner, United States Department of Labor, Office of Workmen's Compensation. On July 23, 1971,[1] Jasper Avery, a former employee of Sun, filed a claim alleging that he had sustained a hearing loss as a result of his years of work for Sun and seeking compensation under the Longshoremen's and Harbor Workers' Compensation Act[2] (hereinafter 'LHWCA'). After a hearing which began on June 15, 1972, the Deputy Commissioner found that Avery had sustained a 40% Hearing loss and that he was entitled to compensation under the Act. This decision was affirmed by the district court, 371 F.Supp. 365 (E.D.Pa.1974), and Sun filed a timely appeal. We reverse.
 
 
 2
 Under the statutory scheme, a claimant must comply with each of two essential deadlines in order to be entitled to compensation. First, he must notify both his employer and the Deputy Commissioner of the injury within thirty days after its occurrence. 33 U.S.C. 912(a). Second, he must file his claim for compensation within one year of the date of injury. Id. 913(a).[3] Both deadlines are subject to exceptions, however. Failure to comply with the thirtyday notification requirement will not bar recovery if: (1) the employer (or his agent or carrier) had knowledge of the injury and the Deputy Commissioner determines that the employer or carrier has not been prejudiced by the failure to give such notice, or (2) the Deputy Commissioner excuses such failure on the ground that for some satisfactory reason such notice could not be given. Id. 912(d).[4] Similarly, the one-year statute of limitations is tolled where the employer has knowledge of the injury but fails to file a report with the Secretary. Id. 930(f). Sun argues that Avery is barred by his failure to comply with both deadlines, each of which is sufficient by itself to prevent recovery, and that he cannot avail himself of either of the tolling provisions.[5]
 
 
 3
 The facts of the case are briefly as follows: Avery worked as a chipper and riveter for various shipbuilding companies from 1941 to 1961 and did not begin working regularly for Sun until March, 1961.[6] Prior to his starting work for Sun on that date, Avery was given a rather cursory[7] pre-employment physical examination, and the medical record of that examination, which Avery signed, stated that he had a 'marked hearing impairment.' Avery was twice laid off by Sun for periods of several months, and medical records from April 22, 1963 and March 23, 1964, the two dates on which he returned to work, similarly indicated that he had a hearing deficiency. However Avery did not recall having been given physical examinations on those dates. When Avery left Sun's employ in 1970, he did so because of a bad knee rather than because of his hearing problem.
 
 
 4
 After a hearing at which both Avery and Sun were represented by counsel, the Deputy Commissioner found that Avery did not give notice of the injury within thirty days, as required by 33 U.S.C. 912(a), but that Sun had knowledge of Avery's hearing loss and was not prejudiced by the lack of timely notice; that the date of injury was November 5, 1970, the last day on which Avery worked for Sun; and that the claim was timely filed within one year, as required by 33 U.S.C. 913(a).
 
 
 5
 While the district court found an 'almost unavoidable' inference from the record that Avery did not file his claim within one year of knowing of his hearing loss, it upheld the Commissioner on the ground that there was 'substantial evidence' to support the finding that Sun had knowledge of Avery's hearing loss. Since it is undisputed that Sun did not file a report of Avery's injury, as required by 33 U.S.C. 930(a), until after Avery filed his claim for compensation, the district court concluded that the one-year statute of limitations provided by section 913(a) was tolled in accordance with section 930(f).
 
 
 6
 Sun challenges the findings of the Deputy Commissioner as being arbitrary, capricious, contrary to law and unsupported by substantial evidence, and argues that the district court affirmance was likewise erroneous. We agree with these contentions and believe that the Deputy Commissioner erred with respect to two crucial issues: the date of Avery's injury, and the question of whether Sun had knowledge of the injury.
 
 
 7
 In selecting November 5, 1970 as the date of injury, the Deputy Commissioner both applied an improper legal standard and disregarded uncontroverted evidence, including testimony by Avery himself. It is well recognized that in the case of occupational ailments such as hearing loss, the Deputy Commissioner in determining the date of injury should adopt a realistic approach which takes into account the fact that these ailments may manifest themselves only gradually. The courts have therefore determined that the 'date of injury' for such ailments is the 'date of manifestation,' the date when the employee first realizes that he has an ailment. See, e.g., Urie v. Thompson,337 U.S. 163, 170, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949); Travelers Insurance Co. v. Cardillo, 225 F.2d 137, 142-143 (2d Cir.) cert. denied, 350 U.S. 913, 76 S.Ct. 196, 100 L.Ed. 800 (1955).
 
 
 8
 The Deputy Commissioner, however, appears to argue two distinct and inconsistent standards for determining the date of injury, both of which are erroneous. First, taking the same view as he did during the hearing, he argues that the date of injury is the date of last exposure to the allegedly injurious stimuli which caused the ailment. However, we are unaware of any authority which so holds, and the one case cited by the Deputy Commissioner in support of this view, Monti Marine Corp. v. Quigley, 167 F.Supp. 690 (E.D.N.Y.1958), is inapposite. In Monti Marine, neither the right of the claimant to compensation nor the timeliness of his suit or of his notification were contested. Rather, the suit merely involved a dispute between two insurance carriers as to which one should compensate the claimant, and the court held only that the claimant could recover from the insurance company whose policy covered him at the time he was exposed to the injurious stimuli.
 
 
 9
 Appellee also appears to take the view that the date of injury is the date on which the cumulative effects of exposure to injurious stimuli 'manifest themselves to a physician rather than an unschooled employee,' citing Aerojet-General Shipyards, Inc. v. O'Keefe, 413 F.2d 793, 796 (5th Cir. 1969). We decline to follow this dictum, however. In Aerojet-General, the claimant had previously been dissuaded from filing a claim by erroneous medical advice that his ailment was not work-related, ant thus it was perfectly understandable that the court ruled that the limitations period did not begin to run until the claimant received correct advice from a doctor. Aerojet-General did not hold, however, that in the absence of prior erroneous medical advice, as was the case here, a correct medical diagnosis is necessary to determine the date from which the limitations period begins to run.
 
 
 10
 Nevertheless, we do agree with the approach taken by the court in Aerojet-General, as well as by the District of Columbia Circuit,[8] insofar as those courts state that the date of injury should be the date on which the employee first realized, or should have first realized, that his ailment was job-related. See Aerojet-General, supra, at 795. This approach seems the most logical to us, since it provides for the running of the one-year limitations period and the thirty-day notification requirement from the only date on which the employee could reasonably be expected to file a claim or to provide notice.8A
 
 
 11
 Applying this test, however, we conclude that there is no evidence, much less substantial evidence, that the date of Avery's injury was November 5, 1970, the last day he worked for Sun. The 1961 pre-employment physical examination, cursory and unscientific though it was, indicated that Avery suffered a hearing deficiency prior to beginning work for Sun. At the proceedings before the Deputy Commissioner, Dr. Sataloff testified for Sun that any hearing loss a worker would suffer would occur within the first ten years of exposure to loud noises. Based on his experience and Avery's record of having done chipping and reiveting work for twenty years before coming to Sun, Dr. Sataloff gave it as his opinion that Avery's hearing loss was a result of working conditions on prior jobs.
 
 
 12
 Most important was the testimony of Avery himself, who testified that he first became aware of his hearing loss in 1967. While there was no testimony that Avery was ever specifically advised that his hearing loss was job-related, we conclude on the basis of the record that Avery could not reasonably have believed that his hearing problems were due to other causes. He stated that when he visited his family doctor about his hearing problem, he believed that it might be due to an accumulation of wax, but that the doctor informed him that such was not the case. He further testified that the noise on the job hurt his ears and that the safety department at Sun strongly urged all employees, through conspicuously-placed posters and meetings with safety personnel, to wear ear plugs in order to protect their hearing. Avery even admitted that he wore ear plugs on the job for that reason.
 
 
 13
 We thus conclude that the record below convincingly establishes that Avery first became aware of his hearing deficiency and that he first became aware, or should have become aware, of the occupational implications of that deficiency no later than 1967, well before he stopped working for Sun. The Deputy Commissioner's finding that the date of injury was November 5, 1970 is arbitrary,[9] capricious and unsupported by substantial evidence, and therefore it must be set aside. Since the date of injury occurred sometime in 1967 at the latest, and since it is undisputed that the claim was not filed within one year of that date and that notification of the injury was not given within thirty days thereof, Avery cannot recover unless he can take advantage of both tolling provisions, 33 U.S.C. 912(d) and 930(f).
 
 
 14
 Although the two tolling provisions contain somewhat different requirements, they are similar in that each requires, at a minimum, that the employer had knowledge of the employee's injury. The Deputy Commissioner found that Sun had such knowledge,[10] but again we believe that there is not substantial evidence in the record to support that finding. It is obvious that the knowledge requirements in sections 912(d) and 930(f) must refer to knowledge on the part of the employer of an injury sustained or an ailment incurred as a result of working conditions for which the employer is responsible. Such knowledge must relate to the person injured, as well as to an injury arising from the employment. We cannot infer a congressional intent that the knowledge requirement can be fulfilled, and that the employer may therefore be liable, when the employer has no reason to know whether it is the party responsible for the injury or ailment of a particular employee.
 
 
 15
 Viewing the record in that light, we find no evidence that Sun had knowledge that Avery sustained a hearing loss due to working conditions at Sun. At the hearing, William Millar, Sun's manager of labor relations, testified that the first time Sun had notice of Avery's alleged loss of hearing was when Avery filed his claim for compensation. In fact, counsel for claimant conceded that Sun did not receive notice until that date. The district court disregarded this evidence and appeared to rely on the fact that Sun urged large numbers of its employees to wear ear protection as substantial evidence of Sun's knowledge. However, we do not see how that safety policy adopted by Sun has any tendency to establish that Sun had the requisite knowledge that Avery had incurred a hearing disability.
 
 
 16
 The only other evidence possibly tending to establish knowledge on Sun's part consists of the records from the three physical examinations dating from 1961, 1963 and 1964. However, the Deputy Commissioner gave those reports no weight at the hearing,[11] and we do not believe that he can now rely on those records as evidence of notice. Furthermore, it is apparent that those records have even less probative value to establish notice than to establish the date of injury. The 1961 examination is obviously irrelevant, since it establishes at most that Sun had knowledge of a hearing deficiency which Avery possessed before he began working at Sun. The 1963 and 1964 medical reports likewise do not establish notice, since they do not indicate any deterioration in Avery's condition after 1961.11A Furthermore, since Avery denied that he was given any physical examination in 1963 and 1964, we cannot infer from those reports that Sun acquired any additional information about Avery's condition that it had not already obtained through the 1961 examination.
 
 
 17
 We therefore conclude that the Deputy Commissioner's finding that Sun had knowledge of Avery's hearing deficiency within the meaning of the Act must be set aside. Consequently, the award to Avery was improper both because he did not file his claim within one year of the date of injury and because he failed to provide the requisite notice within thirty days thereof.
 
 
 18
 Since either ground is sufficient by itself to require reversal, and since the lack of knowledge alone is sufficient to bar recovery under the thirty-day notification rule,[12] it is not necessary to consider whether the failure to provide notification was prejudicial to Sun. We are of the opinion, however, that there is no substantial evidence here as well to support the Deputy Commissioner's finding with respect to lack of prejudice. Certainly a major reason for the thirtyday notification rule is to protect the employer from meritless claims by enabling it to undertake a prompt investigation to determine the nature and extent of the employee's alleged injury. Given this purpose, Sun's knowledge that its work conditions were capable of causing hearing loss and its institution of a safety program for all its employees, the factors upon which the Deputy Commissioner and the district court appeared to rely, seem hardly relevant to the question of whether Avery's failure to provide notice within thirty days was prejudicial to Sun.
 
 
 19
 For the foregoing reasons, the judgment of the district court will be reversed and the case remanded with instructions to grant Sun's motion for summary judgment and to vacate the order of summary judgment granted in favor of the Deputy Commissioner. Each party to bear its own costs.
 
 
 
 [1]
 The actual date of filing is not entirely clear. While the claim Avery signed was dated July 23, 1971, the record is not clear as to whether it was received on July 27 or on August 4. Regardless of which data is accepted as the date of filing, however, it would fall within one year of the date Avery last worked for Sun (November 5, 1970)
 
 
 [2]
 ,33 U.S.C. 901 et seq. (1970). Since the award was granted prior to the effective date of the 1972 amendments to LHWCA, those amendments do not affect our disposition of this case and our interpretation of the Act is governed by precedents decided prior to the enactment of the amendments
 
 
 [3]
 This one-year limitation period is mandatory and compliance with it has been termed 'jurisdictional.' See, e.g., Young v. Hoage, 67 App.D.C. 150, 90 F.2d 395, 397 (1937); Dawson v. Jahncke Drydock, Inc., 33 F.Supp. 668, 670 (E.D.La.1940)
 
 
 [4]
 The Deputy Commissioner never excused Avery's failure to give notice under 912(d)(2), and thus Avery can avoid the thirty-day notification requirement only if he can show that Sun had knowledge of his hearing loss and was not prejudiced by the failure to give notification
 
 
 [5]
 Sun also argued in the district court that even if it were liable, the Deputy Commissioner incorrectly calculated the amount of the award to Avery by measuring damages on the basis of a binaural rather than a monaural impairment. However, in a letter filed with this Court on November 8, 1974, counsel for Sun withdrew its appeal on this issue, and consequently we are concerned only with the issue of liability
 
 
 [6]
 Before his hiring in 1961, Avery had worked for Sun for a brief period of eleven days in 1943
 
 
 [7]
 The test was apparently conducted by a doctor who stood at one end of the room, told Avery to cover one ear, and then whispered numbers or words and asked if he could hear them. No instruments were used, and the findings were reported in very general terms. While the Deputy Commissioner received this report into evidence, he gave it no weight in his finding because 'the method of testing was not shown to be scientific, reliable or probative.'
 
 
 [8]
 Stancil v. Massey, 141 U.S.App.D.C. 120, 436 F.2d 274, 278-279 (1970)
 8A Such a standard has in fact been adopted by the 1972 amendments to the Act. 33 U.S.C. 912(a), as amended, now provides:
 Notice of an injury or death in respect of which compensation is payable under this chapter shall be given within thirty days after the date of such injury or death, or thirty days after the employee or beneficiary is aware or in the exercise of reasonable diligence should have been aware of a relationship between the injury or death and the employment. Such notice shall be given (1) to the deputy commissioner in the compensation district in which the injury occurred, and (2) to the employer.
 
 
 [9]
 The Deputy Commissioner himself characterized the date of last exposure as 'arbitrary,' but selected it because he believed that it was difficult to determine any other date as the date of injury for occupational ailments
 
 
 [10]
 The Deputy Commissioner only found that Sun had knowledge for purposes of section 912(d), which would excuse the failure to provide the thirty-day notice required by section 912(a). Since he found that the date of injury was November 5, 1970 and that Avery filed his claim within one year thereof, he did not consider the tolling provision of section 930(f), which governs the one-year limitation period
 The district court, however, relied on section 930(f), since it agreed with Sun that the date of injury antedated November 5, 1970. In so doing, it acted sua sponte, since neither party had argued the relevance of section 930(f). Apparently, the district court believed that the finding that Sun had knowledge for purposes of section 912(d) necessarily meant that it also had knowledge for purposes of section 930(f). Without passing on the correctness of this belief, we shall treat the two knowledge requirements together, since we believe that the record does not support the finding that Sun had knowledge for purposes of either section.
 
 
 [11]
 See note 7 supra
 11A At oral argument, the Deputy Commissioner took the position that the records did indicate such a deterioration, since the 1961 report stated that Avery had a 'marked hearing impairment,' whereas the 1963 and 1964 reports stated that he was 'deaf.' Counsel for Sun responded that the handwritten notation appeared to be 'def.,' possibly an abbreviation for 'deficient.' Given the difficulty in deciphering this notation, the unscientific nature of the examination, and the fact that even now Avery cannot be termed 'deaf' (since his hearing loss was measured at 40%), we believe that the differing notations in the reports cannot provide evidence of Sun's knowledge of a deterioration.
 
 
 [12]
 33 U.S.C. 912(d)(1) provides that the failure to give the thirty-day notice shall not bar recovery '(1) if the employer . . . or the carrier had knowledge of the injury or death and the deputy commissioner determines that the employer or carrier has not been prejudiced by the failure to give such notice.' Thus, it is clear that a claimant must satisfy both requirements in order to avoid being barred by his failure to provide the thirty-day notice