571 F.2d 968
 STRACHAN SHIPPING COMPANY and American Mutual Insurance
Company, Petitioners,
v.
Willie M. DAVIS and Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 77-1555.
 United States Court of Appeals,
Fifth Circuit.
 April 24, 1978.
 
 W. Boyd Reeves, Mobile, Ala., for petitioners.
 Peter J. Palughi, Mobile, Ala., Ronald E. Meisburg, U. S. Dept. of Labor, Washington, D. C., Carin Ann Clauss, Sol. of Labor, Cornelius S. Donoghue, Jr., Assoc. Sol., U. S. Dept. of Labor, Washington, D. C., for respondents.
 Petition for Review of An Order of the Benefits Review Board.
 Before COLEMAN and FAY, Circuit Judges, and KING, District Judge.*
 FAY, Circuit Judge:
 
 
 1
 The appellants herein seek to set aside orders of the Benefits Review Board awarding recovery to Willie Davis under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901, et seq. (hereinafter referred to as the Act). Davis was a bulk cargo gang foreman for Strachan Shipping Company for approximately thirty years, much of which was spent unloading "dust boats" containing dust producing cargo such as coal, iron ore, manganese ore, and coke.
 
 
 2
 Davis did not return to work subsequent to December, 1968, due to illness, and he contends that he was first informed that his illness was the result of work-related exposure to dust in August of 1969.[1] There is much dispute concerning the degree of knowledge possessed by Strachan Shipping Company in August, 1969, but Davis did not file his claim until August, 1971, and notice of the claim was not received by Strachan until September 14, 1971.
 
 
 3
 Under the Act, an employee claiming compensation must comply with two separate limitation periods and failure to comply with either will defeat recovery. The employee must give written notice to the employer and to the deputy commissioner within thirty days after the employee knew, or reasonably should have known, that his illness is work-related. 33 U.S.C. § 912(a), (b).[2] The employee's claim will also be barred unless a claim is filed within one year after the employee knew, or reasonably should have known, of the relationship between the illness and the employment. 33 U.S.C. § 913(a).[3]
 
 
 4
 The Act also sets forth exceptions to each of the time limitations. Failure to comply with the thirty day notice provision will be excused if (1) the employer (or his agent in charge) or the carrier had knowledge of the illness and the employer has not been prejudiced by the lack of written notice, or (2) if a satisfactory excuse exists for failure to give written notice, or if the employer fails to object at the first hearing of a claim for compensation. 33 U.S.C. § 912(d).[4] The one-year limitation for filing a claim will not bar recovery if the employer or carrier has knowledge of the illness and fails to file the report required by 33 U.S.C. § 930(a). Under such circumstances, subdivision 930(f)[5] tolls the running of the one year limitation period until the report is filed.
 
 
 5
 After a formal hearing held on September 26, 1974, the administrative law judge held that Davis' claim was time-barred for failure to comply with sections 912 and 913. The administrative law judge implicitly held that "knowledge" of an illness within the meaning of subdivisions 912(d) and 930(f) refers to knowledge of an illness which is or is claimed to be job-related. The judge weighed the conflicting testimony and concluded that "the whole record indicates that the Employer and Carrier had no knowledge or notice of the claimed occupational disease prior to the filing of the claim in August, 1971." It is conceded, however, that the employer, through dock superintendent Waldron, had knowledge that Davis was ill and could not return to work as early as August, 1969.
 
 
 6
 On appeal from the decision of the administrative law judge, the Benefits Review Board held that knowledge that the illness is job-related is not a prerequisite to the application of the exceptions found in subdivisions 912(d) and 930(f). The Board held that all the employer need know is that the employee is suffering from an illness. The Board found that the record contained substantial evidence to support a finding that the employer did have knowledge shortly after Davis left his job that he would not be returning to work due to illness. The Board concluded that such knowledge was sufficient to trigger the notice requirement for the employer under subdivision 930(a), and, the employer having failed to file at the time Davis filed his claim, the only issues to be considered on remand were whether failure to give written notice of the illness as required by subdivision 912(a) is excusable pursuant to subdivision 912(d), and if so, for full consideration on the merits. After proceedings on remand before a different administrative law judge, and appeals therefrom, the claimant was awarded compensation.
 
 
 7
 The exceptions found in subdivisions 912(d) and 930(f) to the thirty day and one year limitation periods both require "knowledge" of the illness before tolling can occur. The parties to this appeal meet head-on as to the meaning of "knowledge" of an illness as used in the Act. The appellants, Strachan Shipping Company and American Mutual Insurance Company, contend that knowledge means awareness of an injury or illness which is, or is claimed to be, job-related, and place much emphasis upon the holding of the Third Circuit in Sun Shipbuilding & Dry Dock Company v. Bowman, 507 F.2d 146 (3rd Cir. 1975). They assert that if the Act is construed otherwise, employers will be unduly burdened and will have to conduct an investigation and file a report with the Department of Labor each time an employee calls in sick. Furthermore, the appellants argue that a contrary holding will have the practical effect of creating periods of extension rather than limitations.
 
 
 8
 Conversely, the appellees assert that the employer or carrier need only know of the existence of an illness, and need not know of the relationship to employment in order to satisfy the knowledge requirement of subdivisions 912(d) and 930(f). The appellees premise their interpretation on several distinct theories. They first contend that subdivisions 912(d) and 930(f) expressly refer only to knowledge of an illness and that the court should not read the qualification of job-relatedness into the Act. They further contend that whether an illness is job-related is often the ultimate issue in dispute, and that requiring knowledge of the job-related nature of the illness will have the practical effect of discouraging investigation and the filing of employer reports of illness as required by subdivision 930(f). Finally, the appellees argue that interpreting "knowledge" to mean awareness of the job-related nature of the illness will seriously dilute the significance of subdivision 912(a) written notice and will render nugatory the prejudice factor of subdivision 912(d).
 
 
 9
 We have reviewed the record and the contentions of the parties and have concluded that the Benefits Review Board erred in holding that the employer need only be aware of the existence of the illness, and need not be aware of its relationship to employment. Finding the decision of the first administrative law judge supported by substantial evidence, we set aside the decision and order of the Board and reinstate the decision of the administrative law judge denying compensation to the claimant.[6]
 
 
 10
 In Sun Shipbuilding & Dry Dock Co. v. Bowman,[7] the Third Circuit held that the "knowledge" required by subdivisions 912(d) and 930(f) is knowledge of a job-related injury. The Court stated in pertinent part:
 
 
 11
 It is obvious that the knowledge requirements in sections 912(d) and 930(f) must refer to knowledge on the part of an employer of an injury sustained or an ailment incurred as a result of working conditions for which the employer is responsible. Such knowledge must relate to the person injured, as well as to an injury arising from the employment. We cannot infer a congressional intent that the knowledge requirement can be fulfilled, and that the employer may therefore be liable, when the employer has no reason to know whether it is the party responsible for the injury or ailment of a particular employee.
 
 
 12
 507 F.2d at 151. An analysis of the Act and its underlying legislative history support this conclusion.
 
 
 13
 Subdivisions 912(d) and 930(f) excuse strict compliance with the thirty day and one year limitation periods only if the employer or carrier had "knowledge" of the "injury". The Act defines "injury" as an "accidental injury or death arising out of and in the course of employment, and such occupational disease or infection as arises naturally out of such employment." 33 U.S.C. § 902(2). Therefore, as applied to the facts of this case, the word "injury" means occupational disease or infection naturally arising from employment. Construing subdivisions 902(2), 912(d), and 930(f) pari materia, as we must, "knowledge" of an "injury" means knowledge of an occupational disease which arises from employment, or more simply put, knowledge of a job-related disease. Therefore, the contention by the appellees that the employer need only know of the injury, and need not know of its relationship to employment for the tolling provisions to be triggered, is belied by the definition of injury contained in the Act. This simply is not a case wherein we are asked to read into subdivisions 912(d) and 930(f) after the words "knowledge" and "injury" the phrase "which is claimed to be job-related". The requirement that the knowledge possessed by the employer or carrier be awareness of an illness which is, or is at least claimed to be job-related is mandated by the definition of injury found in subdivision 902(2), as applied to subdivisions 912(d) and 930(f).
 
 
 14
 We reject the appellees' contention that acceptance of the interpretation urged by the appellants negates the need to consider the prejudice factor of subdivision 912(d) in all cases and dilutes the significance of subdivision 912(a) written notice. Subdivision 912(b) specifies that written notice of the illness shall include the name and address of the employee and shall state the time, place, nature, and cause of the illness. Prejudice can be established if the employer can show that due to failure to provide the written notice required by subdivisions 912(a) and (b), he has been unable to effectively investigate to determine the nature and extent of the alleged illness or to provide medical services. See Sun Shipbuilding & Dry Dock Co. v. Bowman, 507 F.2d 146, 152 (3rd Cir. 1975). It can readily be seen that an employer may have actual knowledge of an alleged job-related injury or illness and nevertheless suffer prejudice as a result of failure to provide the notice required by subdivisions 912(a) and (b). For example, the circumstances in a particular case may be such that the employee may be unavailable for questioning concerning the nature and extent of the alleged injury or illness during the thirty day period prescribed for the giving of written notice. It can even be envisioned that an employee may simply refuse to supply the required information. In such cases, due to the need to conduct a prompt investigation and to afford the employer the opportunity to provide medical treatment, the employee's claim may be barred for failure to comply with the thirty day written notice requirement even though the employer had actual notice of an injury or illness claimed to be job-related. Contrary to the appellees' contention, the prejudice factor does have a field of operation under the interpretation we have accorded to "knowledge" of an "injury". Nor does our interpretation of the knowledge requirement of subdivision 912(d) dilute the significance of the notice provisions of subdivisions 912(a) and (b). As we have outlined above, the notice required by subdivisions 912(a) and (b) includes much more than the mere statement that the employee is suffering from an alleged job-related injury or illness. The employee must include a statement concerning the nature and extent of the illness so that the employer can conduct a prompt investigation, factors which, if undisclosed, may lead to a finding of prejudice in a given case.
 
 
 15
 The appellees urge that the legislative history underlying the 1938 amendment to section 930[8] supports their contention that the knowledge required by subdivision 930(f) is only knowledge of an illness, and is not knowledge of an injury or illness which is or is claimed to be job-related. The amendment added subdivision (f), the provision which tolls the one year limitation period for filing a claim in cases where the carrier has "knowledge" of the injury and fails to file a report with the Secretary of Labor as required by subdivision 930(a). The appellees point to the following passage from the Senate committee report recommending passage of subdivision 930(d) in support of their position:
 
 
 16
 It has sometimes happened that reports of injuries have not been transmitted to the deputy commissioner as required by the Longshoremen's Act and, subsequently, when the injured workman has filed claim for compensation after the time limitation fixed in the Act has expired, this delay, rather than any lack of merit in the claim, has been relied on to avoid payment of compensation. No doubt in some cases the delay in filing claim has been due to ignorance on the part of the employee, which would have been remedied if the procedures under the Act had been set in motion by the filing of the report of injury.
 
 
 17
 It may be in some cases the report of injury has been withheld by the employer with the intention of defeating the employee's claim through the delay which might thus result. * * * The purpose of this amendment is to remove any possible motive to withhold such reports of injury by making the bar of the limitation upon the right to file a claim begin to run only after such report of injury has been filed, in all cases in which the employer or insurance carrier in fact possessed the information upon which to make the report. (emphasis added)
 
 
 18
 S.Rep.No.1988, 75th Cong., 3d Sess. 9 (1938).
 
 
 19
 The appellees interpret the above quotation to mean that in order to effectuate the policy of deciding cases on the merits rather than on procedural grounds, Congress intended that the tolling provision should operate whenever the employer has knowledge of an illness, whether or not the employer knows that the disability is or is claimed to be job-related. In reaching this interpretation, the appellees have ignored the last segment of the quotation which indicates congressional intent that the employer or carrier only be required to file the report in those cases wherein the employer in fact possesses sufficient information to make the report. Given the nature of the information required to be included in the report, including the cause and nature of the illness, we simply cannot infer a congressional intent that the employer be required to file the report unless he at least knows that the disability is claimed to be job-related. There is the distinct likelihood that the employer will not know the cause and nature of the illness if he does not know that the injury is or is claimed to be job-related. Without such knowledge it can not be said that the employer possesses the information upon which to make the report.
 
 
 20
 We feel that "knowledge" of an illness must be interpreted to mean knowledge of a claimed job-related illness for yet another reason. It is a well settled tenet of statutory construction that a word or phrase should be interpreted consistently throughout an Act, unless the text of the Act indicates that a contrary meaning is intended. See Atlantic Cleaners & Dyers, Inc. v. United States, 286 U.S. 427, 433, 52 S.Ct. 607, 76 L.Ed. 1204 (1932). Subdivision 914(b) provides that the first payment of compensation shall become due on the fourteenth day after the employer has "knowledge of the injury or death . . . ." Furthermore, if the employer wishes to contest the right to compensation he must do so on or before the fourteenth day after he has "knowledge of the alleged injury or death . . . ." 33 U.S.C. § 914(d). We are mindful that section 914 is intended to provide compensation to the employee without the necessity of a formal compensation order. See Strachan Shipping Co. v. Hollis, 460 F.2d 1108 (5th Cir. 1972), cert. denied, 409 U.S. 887, 93 S.Ct. 114, 34 L.Ed.2d 144 (1972). Nevertheless, the employer certainly cannot be asked to commence payment before he knows that the employee has, or at least claims to have sustained a compensable injury. Nor can the employer be expected to controvert, in good faith, the right to compensation when he does not even know that the illness is claimed to be job-related. The employer can only be asked to make the election between payment and controversion when he at least knows that an employee claims to be suffering from a job-related illness.[9] Therefore, in order to attain consistent interpretation throughout the Act, "knowledge" must mean more than mere awareness of the existence of an illness.
 
 
 21
 We emphasize that our holding today is limited to the facts of this case. We need not reach the issue of whether an employer has a duty to conduct further investigation upon being informed of the existence of an illness. Whether the requirement that the employer have knowledge of an alleged job-related illness should be satisfied in those cases wherein the employer "should have known" of possible job-relatedness will be left for the day when we are presented with a case presenting the proper factual milieu. This is not a case wherein the employer should have had a reasonable suspicion that the claimant's illness was job-related. After the hearing of September 26, 1974, the administrative law judge found that although the claimant had told dock superintendent Waldron that he had seen a doctor and had been hospitalized, and that he was still ill and unable to return to work, he made no mention whatsoever of a possible relationship between his illness and employment. Additionally, the claimant was represented by an attorney who had access to the claimant's medical records but who also failed to provide proper notification. These findings are supported by substantial evidence and must not be disturbed. Tampa Ship Repair, Inc. v. Director, Office of Workers' Compensation Programs, 535 F.2d 936 (5th Cir. 1976). We refuse to impose upon the employer the duty to conduct further investigation when the employee informs the employer that he has seen a doctor, is ill, and cannot return to work, but when neither the employee nor his attorney make any mention that the illness may be job-related. Under these facts, the employer simply had no duty to request that Davis submit to further physical examination or to question his doctor concerning the nature of his diagnosis to determine whether there may be a relationship between the illness and employment. Davis and his attorney had the medical evidence at their disposal, not the employer.
 
 
 22
 Accordingly, we hereby remand this case to the Benefits Review Board with the instruction to reinstate the ruling of the first administrative law judge denying recovery to the claimant.
 
 
 23
 REVERSED and REMANDED.
 
 
 
 *
 James Lawrence King, United States District Judge for the Southern District of Florida, sitting by designation
 
 
 [1]
 The claimant's hospital records arising from his hospitalization on June 14, 1969, suggest that the claimant's disease may be work-related. The claimant was represented by an attorney at this time and the attorney had access to these records. Additionally, the claimant has acknowledged that his attorney received a copy of a hospital record in August, 1969, suggesting that his illness was work-related. App. Vol. II, p. 67. In any event, the record reflects that on January 22, 1970, twenty months before a claim was filed, the claimant's physician wrote a letter to the claimant's attorney stating that the circumstances surrounding the illness strongly suggest a relationship to employment
 
 
 [2]
 Prior to the 1972 amendment, not applicable to this case, subdivisions 912(a) and (b) provided:
 (a) Notice of an injury or death in respect of which compensation is payable under this chapter shall be given within thirty days after the date of such injury or death (1) to the deputy commissioner in the compensation district in which such injury occurred and (2) to the employer.
 (b) Such notice shall be in writing, shall contain the name and address of the employee and a statement of the time, place, nature, and cause of the injury or death, and shall be signed by the employee or by some person on his behalf, or in case of death, by any person claiming to be entitled to compensation for such death or by a person on his behalf.
 Subdivision 912(a) was amended in 1972 to provide that the limitations period does not begin to run until the employee is aware, or by the exercise of reasonable diligence should have been aware, of the relationship between the injury or illness and the employment. The amendment, however, merely codified existing law governing cases involving occupational disease. See Urie v. Thompson, 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949).
 
 
 [3]
 Subdivision 913(a) provided as follows prior to the 1972 amendment, not applicable to this case:
 (a) The right to compensation for disability under this chapter shall be barred unless a claim therefor is filed within one year after the injury, and the right to compensation for death shall be barred unless a claim therefor is filed within one year after the death, except that if payment of compensation has been made without an award on account of such injury or death a claim may be filed within one year after the date of the last payment. Such claim shall be filed with the deputy commissioner in the compensation district in which such injury or such death occurred.
 Like the amendment of subdivision 912(a), the 1972 amendment of subdivision 913(a), providing that the period does not begin to run until the employee knew, or should have known of the employment relationship merely codified existing law concerning the running of the limitations period in cases involving occupational disease. See Aerojet-General Shipyards, Inc. v. O'Keefe, 413 F.2d 793 (5th Cir. 1969); Traveler's Insurance Co. v. Cardillo, 225 F.2d 137 (2nd Cir. 1955), cert. denied, 350 U.S. 913, 76 S.Ct. 196, 100 L.Ed. 800 (1955). These decisions are applicable to the case at bar, which arose prior to the 1972 amendment.
 
 
 [4]
 Subdivision 912(d) provides:
 (d) Failure to give such notice shall not bar any claim under this chapter (1) if the employer (or his agent in charge of the business in the place where the injury occurred) or the carrier had knowledge of the injury or death and the deputy commissioner determines that the employer or carrier has not been prejudiced by failure to give such notice, or (2) if the deputy commissioner excuses such failure on the ground that for some satisfactory reason such notice could not be given; nor unless objection to such failure is raised before the deputy commissioner at the first hearing of a claim for compensation in respect of such injury or death.
 
 
 [5]
 930(f) states as follows:
 (f) Where the employer or the carrier has been given notice, or the employer (or his agent in charge of the business in the place where the injury occurred) or the carrier has knowledge, of any injury or death of an employee and fails, neglects, or refuses to file report thereof as required by the provisions of subdivision (a) of this section, the limitations in subdivision (a) of section 913 of this title shall not begin to run against the claim of the injured employee or his dependents entitled to compensation, or in favor of either the employer or the carrier, until such report shall have been furnished as required by the provisions of subdivision (a) of this section.
 
 
 [6]
 Our determination that the Benefits Review Board erred in reversing the decision of the administrative law judge renders it unnecessary to consider issues raised on appeal which resulted from proceedings conducted subsequent to the remand order entered by the Board
 
 
 [7]
 507 F.2d 146 (3rd Cir. 1975)
 
 
 [8]
 33 U.S.C. § 930(f) (originally enacted as Act of June 25, 1938, ch. 685, § 11, 52 Stat. 1167)
 
 
 [9]
 In addressing the operation of the statutory scheme established by section 914, the Court in Marshall v. Pletz, 127 F.2d 104, 107-8 (9th Cir. 1942), rev'd on other grounds, 317 U.S. 383, 63 S.Ct. 284, 87 L.Ed. 348 (1943), made the following observation:
 There is little need to analyze the elaborate and imperative provisions of § 14. Their obvious purpose is to render impossible of occurrence a failure of justice in the case of known disabling injuries falling within the terms of the Act. (emphasis added)
 A disabling injury can only fall within the terms of the Act if it is related to or naturally arises from employment.