**Julius WALKER, Petitioner-Claimant,**

v.

**SUN SHIP, INC., Respondent.**

**No. 81–2079.**

United States Court of Appeals, Third Circuit.

Argued April 1, 1982.

Decided July 26, 1982.

Certiorari Denied Nov. 29, 1982. See 103 S.Ct. 454.

Joseph Lurie (argued), Galfand, Berger, Senesky, Lurie & March, Philadelphia, Pa., for petitioner-claimant.

Jeffery C. Hayes (argued), Peter J. M. Rohall, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for respondent.

Before GIBBONS, SLOVITER and BECKER, Circuit Judges.

### OPINION OF THE COURT

SLOVITER, Circuit Judge.

This is the second time that we have considered this claim for disability compensation under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.* In the first appeal, we sustained the contention of the employer, Sun Ship, that claimant Walker was not excused from his failure to comply with the notice requirement contained in section 12(a) of the Act, 33 U.S.C. § 912(a), by section 12(d)(1) of the Act, 33 U.S.C. § 912(d)(1), but we remanded in order to afford Walker an opportunity to demonstrate that he was excused pursuant to section 12(d)(2) of the Act, 33 U.S.C. § 912(d)(2). *Sun Shipbuilding & Dry Dock Co. v. Walker,* 590 F.2d 73 (3d Cir. 1978). The Administrative Law Judge then held that Walker's failure to give notice within thirty days as required by the Act was excused under section 12(d)(2), and awarded compensation to Walker. The Benefits Review Board vacat-

ed the ALJ's award, holding that Walker was not excused from the failure to give timely notice. We deny the petition for review of the decision of the Benefits Review Board.

## I.

The facts of this case are not disputed. Walker was employed at Sun Ship's Chester, Pennsylvania shipbuilding facility for thirty-two years. During most of that time, he worked as a "burner" and was regularly exposed to toxic vapors in close quarters. On December 10, 1974, Walker was compelled to leave work after inhaling paint fumes. After four days at home, Walker entered the hospital, where he was treated for pneumonia. Although he was released from the hospital shortly thereafter, Walker has never returned to work. He filed a claim for non-occupational disability benefits and received twenty-six weeks of benefits beginning in early 1975.

In September 1975, Walker contacted the law firm of Galfand, Berger, Senesky, Lurie & March (Firm) about the possibility of obtaining workers' compensation for an eye injury sustained in 1953. In the course of this meeting, Walker revealed that he was unemployed as a result of lung problems. At counsel's suggestion, Walker was examined on November 25, 1975 by a lung specialist. At the conclusion of this examination, the physician informed Walker and his son (who was also present) that Walker had a lung illness attributable to his working at Sun. In a letter of December 11, 1975, received by the Firm on December 13, the physician notified counsel of the results of the examination. Shortly thereafter, a member of the Firm telephoned Walker's son to advise him that the physician had concluded that Walker's lung illness was work-related, and was told by the son to "get the ball rolling" on a compensation claim.

A claim for Walker's eye injury was filed by the Firm on January 5, 1976, but no claim for the lung illness was filed until February 5, 1976. Sun did not receive a copy of the lung claim until March 10, 1976.

Sun opposed the claim on the ground that Walker had failed to give it notice of his injury within thirty days as required by section 12(a) of the Act. Following a hearing, the Administrative Law Judge held that Walker's claim was not barred because it fell within the exception contained in section 12(d)(1), which provides that failure to give notice shall not bar a claim if the employer "had knowledge of the injury or death and the deputy commissioner [now ALJ] determines that the employer . . . has not been prejudiced by failure to give such notice." The Benefits Review Board affirmed, but we reversed, holding that in order "[t]o bring Section 912(d)(1) into play, the employer must know that the employee was injured *and that his job was the cause.*" *Sun Shipbuilding & Dry Dock Co. v. Walker*, 590 F.2d 73, 76 (3d Cir. 1978) (emphasis added). We concluded that "the circumstances of this case do not support a finding that Sun knew that Walker's job was the cause of his injury." *Id.* However, "[i]n order to fully effectuate the beneficent purposes of the Act," we remanded to allow Walker an opportunity to show that his failure to give notice should be excused under section 12(d)(2). *Id.* at 77.

On remand, the ALJ stated that Congress "intended to afford administrative law judges a good deal of discretion in determining excusability [under section 12(d)(2) ] in order to avoid harsh and unjust results which would be contrary to the humanitarian and beneficent goals of this legislation." He concluded that excusability under section 12(d)(2) should be governed by a number of factors: "(1) the length of time involved (2) whether the employer was prejudiced (3) the harm that will result to Claimant and, most important, (4) fault on the part of Claimant." The ALJ found that the delay in this case "was relatively short;" that Sun had not been prejudiced; that "the denial of this claim will penalize Claimant drastically;" and that counsel's fault in failing to give notice should not be imputed to Walker, "an uneducated and unsophisticated individual [who] retained an experienced workers' compensation law

firm to represent his interests and ... relied upon counsel to do everything necessary to protect [his] interest." The ALJ held that therefore Walker's failure to notify Sun was excused, and ordered that Sun make permanent disability compensation payments to Walker.

On appeal by Sun, the Benefits Review Board vacated the compensation award, holding, *inter alia*, that the failure to give timely notice was not excused by Walker's reliance on his counsel. The BRB remanded the claim with instructions to dismiss. Walker filed this petition for review.

## II.

Section 12(a) of the Longshoremen's and Harbor Workers' Compensation Act provides:

> Notice of an injury or death in respect of which compensation is payable under this chapter shall be given within thirty days after the date of such injury or death, or thirty days after the employee or beneficiary is aware or in the exercise of reasonable diligence should have been aware of a relationship between the injury or death and the employment. Such notice shall be given (1) to the deputy commissioner in the compensation district in which the injury occurred, and (2) to the employer.

33 U.S.C. § 912(a). It is conceded that timely notice was not given in this case. Section 12(d) of the Act, however, provides for two exceptions to the notice requirement imposed by Section 12(a):

> Failure to give such notice shall not bar any claim under this chapter (1) if the employer (or his agent in charge of the business in the place where the injury occurred) or the carrier had knowledge of the injury or death and the deputy commissioner determines that the employer or carrier has not been prejudiced by failure to give such notice, or (2) if the deputy commissioner excuses such failure on the ground that for some satisfactory reason such notice could not be given; nor unless objection to such failure is raised before the deputy commissioner at

the first hearing of a claim for compensation in respect of such injury or death. 33 U.S.C. § 912(d). In our earlier opinion in this case, we held that the exception contained in section 12(d)(1) was not applicable since the evidence established that Sun did not have knowledge of the work-relatedness of Walker's injury. We are now required to determine whether to sustain the decision of the BRB that the section 12(d)(2) exception is inapplicable.

Under section 12(d)(2), if the claimant shows a satisfactory reason why such notice could not be given, the ALJ may excuse the failure to give notice even if the employer has been prejudiced. Sun contends that Walker does not fall within the section 12(d)(2) exception, since there has been no showing that notice "could not be given", as required by the statute. Sun would have us interpret the language "could not" as a requirement that Walker was *unable* to give timely notice. It argues that if Congress had intended to excuse the failure to give notice for *any* satisfactory reason, it could have done so by using the language "satisfactory reason why notice *was* not given" in lieu of "could not be given." We need not decide whether "could not" imposes a strict inability requirement, since we conclude that even under a more lenient excusable neglect standard, Walker has failed to demonstrate a "satisfactory reason" for his failure to comply with the notice requirement.

Walker argues that he was entitled to rely on his counsel, and that counsel's negligence, if any, should not be imputed to him. However, in *Link v. Wabash Railroad Co.,* 370 U.S. 626, 633–34, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962) (plurality opinion), the Court stated:

> There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in

which each party is deemed bound by the acts of his lawyer-agent and is considered to have "notice of all facts, notice of which can be charged upon the attorney." *Accord, Spering v. Texas Butadiene & Chemical Corp.*, 434 F.2d 677, 680 (3d Cir. 1970), *cert. denied*, 404 U.S. 854, 92 S.Ct. 97, 30 L.Ed.2d 95 (1971). The Administrative Law Judge chose not to follow the general rule stated in *Link*, concluding that "in workers' compensation cases ... the views of the dissent in *Link* are more appropriate." The ALJ seems to have held that reliance on counsel was a "satisfactory reason" within the meaning of section 12(d)(2). The ALJ's view that "the Act's humanitarian goals would be thwarted by not excusing [the] untimely notice [in this case]" is not an adequate basis for departing from the general principle that a civil litigant is bound by the action or inaction of his attorney. *See Kushner v. Winterthur Swiss Insurance Co.*, 620 F.2d 404, 407–08 (3d Cir. 1980) (distinguishing between civil cases and the constitutional right to effective assistance of counsel in criminal cases). As the Supreme Court stated in *Pillsbury v. United Engineering Co.*, 342 U.S. 197, 200, 72 S.Ct. 223, 225, 96 L.Ed. 225 (1952), in construing another limitations provision of the LHWCA:

We are aware that this is a humanitarian Act, and that it should be construed liberally to effectuate its purpose; but that does not give us the power to rewrite the statute of limitations at will, and make what was intended to be a limitation no limitation at all.

Even if Walker could rely on his counsel, such reliance can excuse his failure to give notice only if the Firm itself had a "satisfactory reason" for failing to comply with the statutory requirement. The explanation proffered is that in December 1975, when the Firm first became aware of the possibility of a claim based on Walker's lung disability, it believed that notice was

unnecessary, since Sun already had knowledge of Walker's injury and the statute did not require that it also have knowledge of the work-relatedness of the injury. Walker contends that this belief was reasonable in view of two decisions of the Benefits Review Board rendered in 1975 which held that the employer's knowledge of a claimant's injury was sufficient to trigger the section 12(d)(1) exception even if the employer had no knowledge of the work-relatedness of the injury. *Leyden v. Capital Reclamation Corp.*, 2 BRBS 24 (June 24, 1975), aff'd mem., 547 F.2d 706 (D.C.Cir. 1977); *Davis v. Strachan Shipping Co.*, 2 BRBS 272 (September 18, 1975), rev'd, 571 F.2d 968 (5th Cir. 1978).[1] However, on January 2, 1975, this court, in *Sun Shipbuilding & Dry Dock Co. v. Bowman*, 507 F.2d 146, 151 (3d Cir. 1975), had stated,

It is obvious that the knowledge requirements in sections 912(d) and 930(f) must refer to knowledge on the part of the employer of an injury sustained or an ailment incurred as a result of working conditions for which the employer is responsible. *Such knowledge must relate to the person injured, as well as to an injury arising from the employment.* We cannot infer a congressional intent that the knowledge requirement can be fulfilled, and that the employer may therefore be liable, when the employer has no reason to know whether it is the party responsible for the injury or ailment of a particular employee. [emphasis added].

After *Bowman*, therefore, attorneys in this circuit at least were on notice that the work-relatedness of an injury was an important component of the knowledge requirement of section 12(d). It is conceded that the Firm was aware of the *Bowman* decision at the time the decision not to give notice was made. Moreover, an Administrative Law Judge decision in August 1975, in a claim represented by this same Firm, had reached a similar conclusion to that

---

1. In neither the *Leyden* case nor the *Davis* case did the BRB suggest that claimant had filed a claim for non-occupational disability benefits for the same injury. The ALJ opinion in *Walls v. Sun Shipbuilding & Dry Dock Co.*, No. 75–LHCA–269 (Aug. 14, 1975), which was filed

after the BRB's *Leyden* opinion but before its *Davis* opinion, stressed the fact that the claimant had filed for such non-occupational benefits. In this case as well, claimant had filed for and received non-occupational disability benefits.

reached in *Bowman.* *Walls v. Sun Shipbuilding & Dry Dock Co.*, No. 75–LHCA–269 (August 14, 1975). In *Walls*, the ALJ held that the claim was "barred by failure of the Claimant to give timely notice required by Section 12(a) of the Act." The ALJ noted that the claimant had expressly denied having suffered accidental injury when he applied for and received non-occupational sick benefits, stating " 'The normal conclusion to be drawn by a reasonably prudent employer from the evidence before him ... is that the employee had suffered an illness not due to his occupation and for which he was being compensated. This would negate any thought the employer would have that the employee was going to assert a claim under the Workmen's Compensation Law.' " The ALJ distinguished an earlier case on the ground that "[i]n that case it was found that the employer had knowledge of the employee's illness and the probable connection between the illness and his employment."

Walker contends that even if his counsel's inaction can properly be imputed to him, it was not unreasonable for the Firm to have believed in 1975 that it was not necessary to give Sun notice of the claim that Walker's injury, which it was aware of, was connected to his employment. Both the ALJ and the BRB rejected this contention, the ALJ stating that "[a]lthough there were conflicting decisions, after learning about the decision in *Walls* and especially after learning about the decision in *Bowman*, that firm

should have filed a Section 12 notice within 30 days of the date that Claimant learned of his work-related condition." We agree with the Benefits Review Board that the explanation given by the Firm cannot be considered a "satisfactory reason" in the face of both *Bowman* and *Walls*.[2] Walker's claim must therefore be dismissed.

For the foregoing reasons, we deny the petition for review of the order of the Benefits Review Board vacating the award of the ALJ and remanding to the Office of Administrative Law Judges with instructions to dismiss.

---

**2.** We do not believe the situation in this case is comparable to that presented in *Smith v. Aerojet-General Shipyards, Inc.*, 647 F.2d 518 (5th Cir. 1981), on which plaintiff places his principal reliance. In *Smith*, the issue involved filing under section 13 and notice under section 12 of the disability claim by Smith and the section 12 notice of the death claim by Smith's widow following his demise during the litigation. Smith had worked for ten shipyards, and it was necessary to determine which was "last employer" to which the disease or injury was causally linked. The court held that notice need not be given until the determination was made against which employer there was an actionable claim, and therefore found that Smith had given timely notice to Aerojet, the shipyard at issue, by notifying it even before there was a determination that he had an actionable claim against that company. In holding that Smith's widow was excused for failure to give Aerojet notice of the death claim within 30 days after Smith's death, the court did not state whether it found such excuse fell within section 12(d)(1) or 12(d)(2). The court emphasized that the claimant was "barely literate;" that at the time of her husband's death his disability compensation claim against the same employer had been in litigation for over four years, undoubtedly creating the impression that the "question of promptness [was] seemingly irrelevant;" and that the employer had not been prejudiced by the delay, since it had been aware of and indeed had been investigating the alleged injury for some time in connection with the litigation of the disability compensation claim. *Id.* at 525. Unlike this case, there was no attempt to use the inaction of counsel as a "satisfactory reason" for the claimant's failure to notify Aerojet.