**Frank JANUSZIEWICZ, Claimant, Petitioner,**

v.

**SUN SHIPBUILDING & DRY DOCK COMPANY, Employer, and Aetna Life Insurance Company, Intervenor, Respondents.**

No. 81–2056.

United States Court of Appeals, Third Circuit.

Argued Feb. 16, 1982.

Decided April 12, 1982.

Paul J. Senesky, (argued), Galfand, Berger, Senesky, Lurie & March, Philadelphia, Pa., for petitioner.

Joseph F. Moore, Jr., (argued), A. Paul Woolls, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for Sun Shipbuilding & Dry Dock Co.

James C. Stroud, (argued), Rawle & Henderson, Philadelphia, Pa., for Aetna Life Insurance Co.

Before ADAMS and SLOVITER, Circuit Judges and VanARTSDALEN,* District Judge.

## OPINION OF THE COURT

ADAMS, Circuit Judge.

This appeal involves the standards for the timeliness of a complaint under the Longshoremen's and Harborworkers' Act ("the Act"), 33 U.S.C. §§ 901–950 (1976). Frank Januszewicz, a former employee of Sun Shipbuilding & Dry Dock Company ("Sun"), petitions for review of an order of the United States Department of Labor Benefits Review Board ("Board"), which reversed a decision by an administrative law judge ("ALJ"), held as a matter of law that Januszewicz's complaint was not timely filed, and thereby denied compensation under the Act for Januszewicz's allegedly work-related disability.

The Act requires a claimant such as Januszewicz to comply with certain application deadlines in order to be entitled to compensation. At issue here is the requirement in section 912(a)[1] that a claimant notify both his employer and the Deputy Commissioner of his injury[2] within thirty days of either the date of the occurrence of the injury, or the date on which the employee is aware, or in the exercise of reasonable diligence should have been aware, that the injury is work-related. The Act provides that failure to comply with the thirty-day notification requirement will not bar the claim if (1) the employer had knowledge of the injury, and the Deputy Commissioner determines that the employer has not been prejudiced by the failure to give notice, or (2) the Deputy Commissioner excuses the lack of compliance with the notice provision on the ground that for some satisfactory reason notice could not have been given. *Id.* § 912(d).

We vacate the order of the Board, which held that the record could not, as a matter of law, support any determination that Januszewicz had met the requisites for timely filing under section 912(a). Because we do not agree that the record would be insufficient to support the findings necessary to such a determination if made, and because the ALJ did not make sufficient findings to resolve this point, we remand the matter for further proceedings. A remand will also provide an opportunity for the ALJ to determine, if necessary, whether any lack of timeliness on the part of Januszewicz is excused by the terms of section 912(d). In addition, we hold that the Aetna Insurance Company (Aetna), which paid benefits to Januszewicz to compensate for injuries related to those which serve as the subject of this complaint, may intervene in the proceedings on remand.

### I.

Januszewicz was employed by Sun as an "erector," a position involving the installation of steel on ships in an environment of smoke and fumes. He worked for ten years without significant health problems until 1975, when he developed a respiratory ailment that required several intermittent

---

* Honorable Donald W. VanArtsdalen, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

1. Section 912(a) provides:

   Notice of an injury or death in respect of which compensation is payable under this Act shall be given within thirty days after the date of such injury or death, or thirty days after the employee or beneficiary is aware or in the exercise of reasonable diligence should have been aware of a relationship between the injury or death and the employment. Such notice shall be given (1) to the deputy commissioner in the compensation district in which the injury occurred, and (2) to the employer.

33 U.S.C. § 912(a). The other deadline requirement is stated in § 913(a), under which a claimant must file for compensation within one year of the date of injury. The issue of compliance with § 913(a) has not been raised before the Court.

2. Section 902(2) provides that an injury under the Act includes:

   accidental injury or death arising out of and in the course of employment, and such occupational disease or infection as arises naturally out of such employment or as naturally or unavoidably results from such accidental injury. . . ."

   33 U.S.C. § 902(2).

hospitalizations and occasional absences from work. Although the record is unclear as to his exact diagnosis, Janusziewicz was informed by a physician that he had industrial asthma, emphysema, and acute bronchitis. Moreover, his doctors counseled him to avoid exposure to fumes, smoke, and dust. Despite this warning, Janusziewicz continued on the job at Sun until 1977, when prolonged exposure to alcohol fumes while working aggravated his condition.

During 1975 and 1976, Janusziewicz received almost $4,000 in disability benefits under the Aetna Insurance Company (Aetna) group health insurance plan provided to Sun employees. This plan paid benefits solely for a non-occupational illness or injury. Although he previously had certified on his Aetna claim form that his infirmity was not work-related, on February 9, 1976, Janusziewicz filed for compensation under the Act for an alleged work-related respiratory condition.[3] Sun received notice of this latter claim on March 8, 1976.

After a hearing in February 1978, the ALJ found that Janusziewicz suffered from a pre-existing respiratory disorder that was aggravated by the dust, smoke, and fumes encountered at work[4] and awarded him compensation under the Act. On appeal, the Board remanded the case both for further evaluation of the evidence and for a more complete statement of the reasons supporting the ALJ's findings of fact and conclusions of law. The Board stressed the need for an explanation of the ALJ's conclusion that Sun had received timely notice of the injury under section 912 of the Act.

Following remand, Aetna filed a petition to intervene before the ALJ, asserting a conditional right to reimbursement of benefits that already had been paid to Janusziewicz under its non-occupational disability policy with Sun. The ALJ denied Aetna's petition.

On remand, the ALJ found that Janusziewicz became aware of the relationship between his illness and his work on February 9, 1976, the date he filed his claim under the Act. Therefore, because Sun received the claim form on March 8, 1976, the ALJ concluded that Sun had timely notice under section 912(a).[5] On appeal, the Board reversed, determining that Janusziewicz had failed to comply with the notice requirements of section 912. It stated that the ALJ erred by applying a subjective test for determining the date of injury: that is, by looking to Janusziewicz's actual awareness of the connection between his illness and his work. According to the Board, section 912 requires the application of an objective test: the date of injury is the date when the claimant became aware *or should have become aware* of the relationship between his illness and employment. Applying this standard, the Board concluded that there was no basis for the ALJ's determination that Janusziewicz first became aware of his work-related condition on the date he filed his claim under the Act. Rather, the Board ruled that Janusziewicz's awareness that his condition was work-related must be inferred to have been no later than April or May of 1975, when he was apprised of the diagnosis of "industrial asthma." Under

---

3. Janusziewicz submitted a claim for compensation based on chronic bronchitis, chronic obstructive lung disease, pulmonary emphysema, and viral pneumonitis.

4. The ALJ concluded that (1) Janusziewicz filed a timely claim for compensation under the Act; (2) Sun had timely notice of the injury; (3) Janusziewicz suffered temporary total disability on several different occasions from 1975 to 1976; (4) Sun could not recover the benefits paid during these periods under the terms of the sickness and accident policy maintained with Aetna; and (5) because Sun failed to show the availability of suitable alternative employment opportunities, Janusziewicz suffered tem-

porary total disability from February 1, 1977 to continue until he became occupationally productive or there was a change of circumstances.

5. The ALJ stated that Janusziewicz testified without contradiction that at least prior to his 1975 hospitalization, he had not been informed of any relationship between his condition and his employment. Also influencing the ALJ's decision was medical evidence suggesting that Janusziewicz was susceptible to bronchial attacks which could have obscured his work-related illness during the period before February 9, 1976.

such an interpretation, Sun's receipt of notice in March 1976 was not timely under section 912(a). The Board then considered whether Sun had actual knowledge of Janusziewicz's work-related illness under the statute of limitations exception in section 912(d)(1). After citing Janusziewicz's receipt of non-occupational illness benefits between January 1975 and December 1976 as mitigating a finding of employer knowledge during that period, the Board concluded that there was no evidence of actual knowledge by Sun of Janusziewicz's work-related illness until its receipt of the claim in March 1976.[6]

On this appeal, Janusziewicz argues that the Board erred as a matter of law in failing to presume, pursuant to section 920 of the Act, that notice of the claim required by section 912, had been given. In addition, Janusziewicz asserts that the Board gave improper consideration to the date when Janusziewicz was told he had "industrial asthma" because his claim was filed for disability benefits not as a result of industrial asthma but as a result of chronic obstructive bronchitis.

## II.

■ Under the Act, the Board does not make independent findings of fact, but instead reviews the findings of the ALJ to ensure that they are "supported by substantial evidence in the record considered as a whole." 33 U.S.C. § 921(b)(3). Although the Act permits a litigant to file a petition for review of Board decisions in a federal appellate court, id. § 921(c), the statute does not set out the standard of review for the court to apply. Case law, however, has established that a court of appeals is to review Board decisions for (a) errors of law, and (b) to make certain that the Board adheres to its own scope of review. See *Sun Shipbuilding & Dry Dock Co. v. McCabe*, 593 F.2d 234, 237 (3d Cir. 1979); *Sun Shipbuilding & Dry Dock Co. v. Walker*, 590 F.2d 73, 76 n.12 (3d Cir. 1978); *Director, Office of Workers' Compensation Programs v. Universal Terminal & Stevedoring Co.*, 575 F.2d 452, 454 (3d Cir. 1978). Consequently, this Court does not review the Board's decision to determine whether it is supported by substantial evidence. Rather, we must conduct an independent review of the record, parallel to that of the Board's, to determine whether the ALJ's findings are supported by substantial evidence.[7]

■ Section 920 of the Act provides that "it shall be presumed, in the absence of substantial evidence to the contrary.... (b) That sufficient notice of such claim has been given [to the employer]...." 33 U.S.C. § 920 (1976). Sun argues that this presumption applies only to notice of a *claim*, not notice of an *injury* under section

---

**6.** The Board vacated the award of compensation benefits and therefore declined to rule on the merits of the denial of Aetna's petition for intervention.

**7.** The *McCabe* court explained the rationale behind this review structure with a hypothetical similar to the situation in the present matter. The court noted that

[r]eview of the Board's determination of whether the ALJ's decision is supported by substantial evidence rather than determining whether the Board's decision is supported by substantial evidence will only lead to a different result under a given set of facts. Suppose the ALJ finds in favor of a claimant based in part on establishing a specific date of injury which is supported by substantial evidence. The BRB reviews the decision and decides that there is substantial evidence to support a finding of an earlier date of injury.

(It is possible that substantial evidence could support contrary conclusions.) Suppose the BRB then reverses the ALJ, holding that the claims are barred by the statute of limitations. If the court of appeals reviewed the BRB decision for substantial evidence it would have to affirm. The proper method of review, however, would disclose that the ALJ's decision was supported by substantial evidence and the Board exceeded its scope of review. The court would reverse the Board's decision and reinstate the ALJ's. This review structure differs from that of other agencies which are permitted to independently determine the facts and which need not defer to the ALJ. See *Presley v. Tinsley Maintenance Service*, 529 F.2d 433, 436 (5th Cir. 1976).

593 F.2d at 237, n.1.

912 [8] and that the issue here is whether Sun had notice of the work-related injury.

Assuming, without deciding, that the presumption does apply to the section 912 notice of injury requirement,[9] Januszxiewicz's application for sickness benefits under the Aetna plan, in which he testified that his illness was non-occupational, is sufficient to rebut the presumption that Sun had notice of Januszxiewicz's work-related illness. In *Sun Shipbuilding & Dry Dock Co. v. Walker*, 590 F.2d 73 (3d Cir. 1978), a Sun employee, who was hospitalized after inhaling fumes at work, applied for non-work-related disability benefits pursuant to the Aetna plan. A year later the employee filed for compensation under the Act. In determining that recovery under the Act was barred because of a failure to give timely notice of his injury, the *Walker* court found that "the crucial fact" was the employee's certification on the Aetna claim form "that his injury was *not* due to occupational causes." *Id.* at 76 (emphasis in original). The Court stated that "[w]e refuse to impose upon an employer the duty to conduct an inquest into the accuracy of a physician's diagnosis or an employee's certification." *Id.* at 77.

Similarly here, we are unable to presume, on the basis of Januszxiewicz's claim under the insurance plan, notice to Sun prior to March 1976 of the causal relation between Januszxiewicz's injury and his job, given that Januszxiewicz represented on his insurance claims form that there was no such relation.[10]

■ Because we cannot presume earlier notice to Sun, we must next review the Board's decision that substantial evidence does not support the ALJ's finding that Januszxiewicz's claim was timely on February 9, 1976. Under the standard of review set out in *McCabe, supra*, and discussed above, we must conduct our own examination of the record to determine whether substantial evidence supports the ALJ's finding that the date of injury was February 9, 1976, the same date on which Januszxiewicz filed for compensation under the Act, and thus a date that would render the complaint timely. Januszxiewicz argues that this finding of the ALJ is supported by evidence in the record: he asserts that his very act of filing for compensation for a work-related injury removes any doubt that by the date of filing he knew he had a

**8.** Sun supports its argument with citations to cases involving other issues under the Act in which the § 920 presumption was found inapplicable. *See, e.g., Hicks v. Ball Healy Granite*, 12 BRBS 34 (1980) (necessity of medical services); *Sharp v. Marine Corps Exch.*, 11 BRBS 197 (1979) (location of accident); *Brocato v. Universal Maritime Serv. Corp.*, 9 BRBS 1073 (1979) (nature and extent of injury).

**9.** The Fifth and Eighth Circuits have dealt with the application of the § 920 presumption to the § 912 notice requirement. In *Duluth, Missabe and Iron Range Ry. Co. v. Department of Labor*, 553 F.2d 1144 (8th Cir. 1977), there was evidence that the employee informally had told his employer about a work-related injury, but had never filed a formal accident report. The court cited the presumption provision and stated that there was support for the ALJ's decision that the employer's evidence was insufficient to rebut the presumption. *Id.* at 1148. Therefore, the court found that the employer had sufficient notice under § 912(d) to alert it to investigate further. *Id.* In *Avondale Shipyards, Inc. v. Vinson*, 623 F.2d 1117 (5th Cir. 1980), it was undisputed that notice under § 912 was not given. Therefore, the issue was whether the employer had knowledge of the injury under § 912(d). The court applied the

§ 920 presumption stating that "[i]t must be presumed ... that an employer has notice of the work-relatedness of an injury when the injury manifests itself on the job." *Id.* at 1120. Because the employee told his supervisor of his injury, the *Avondale* court determined that the employer had sufficient knowledge under § 912(d) to alert it to investigate further. *Id.*

On a separate but related point, the United States Supreme Court has recently held that the § 920 presumption attaches only to matters stated in the claim itself, and not to additional theories or facts which might be adduced in addition to or in place of those set out in the claim. *U. S. Industries/Federal Sheet Metal, Inc. v. Director, Office of Workers' Compensation Programs*, —— U.S. ——, 102 S.Ct. 1312, 71 L.Ed.2d 495 (1982).

**10.** Although Januszxiewicz argued that Sun could not have rebutted the presumption because it failed to present any evidence at the hearing, the ALJ's February 28, 1978, order stated that Sun submitted evidence of the sickness benefits paid to Januszxiewicz, which were conditioned on the certification of a non-work related injury.

work-related injury. The logic of this argument, however, "should yield to the logic of realities." *DiSanto v. Pennsylvania*, 273 U.S. 34, 43, 47 S.Ct. 267, 270, 71 L.Ed. 524 (1927) (Brandeis, J.). The date Janusziewicz filed his claim under the Act apparently was deemed by the ALJ as the date of injury simply because it was difficult to determine any earlier date as the time when Janusziewicz knew or should have known that his injury was work-related. But the filing of the claim on February 9, 1976, cannot suffice to demonstrate a lack of knowledge prior to that date: a timeliness requirement would make little sense if the filing of a complaint on a given date would itself establish the timeliness of that date. We agree, therefore, with the Board's conclusion that the ALJ's finding of February 9, 1976, as the date of injury was arbitrary and unsupported by any evidence in the record.

After reversing the ALJ on this point, the Board went on to decide that, as a matter of law, Janusziewicz should have become aware of the work-relatedness of his injury in April or May 1975 when, according to the evidence elicited from Janusziewicz on cross-examination, a physician specifically informed him that he suffered from industrial asthma and that his work in close proximity to dust and fumes aggravated his respiratory problems. Because it reached this conclusion as a matter of law, the Board did not find it necessary to remand the matter to the ALJ for additional factual determinations. On appeal, Janusziewicz contends that the Board's conclusion of law was incorrect: that the date he was diagnosed as having industrial asthma is not controlling because he filed for compensation under the Act as a result of chronic obstructive bronchitis, not industrial asthma.

On cross-examination, Janusziewicz stated that during his mid-1975 hospitalization his physician told him to stay away from "fumes, smoke, [and] dust . . . because they aggravate me." After stating that he was diagnosed as having "pneumonitis, industrial asthma, and emphysema," he was asked if he was informed "what would cause these things?" Janusziewicz responded: "No." Shortly thereafter, however, Janusziewicz apparently contradicted himself in response to questions from the ALJ.

> ALJ. Were you ever told by a doctor that your lung problem was caused by dust, fumes, the smoke of your work environment?
>
> J. They told me that there were letters sent to Sun Ship to that effect.
>
> ALJ. When was that, when were you told if you remember?
>
> J. I don't remember the dates, sir, but there are letters from 1976, at least from '76 or sent into them, '75, '76.

Although this testimony reveals that the relationship between Janusziewicz's illness and his work was at least discussed in mid-1975, there remains a factual uncertainty as to precisely what Janusziewicz was told. Moreover, the relationship between obstructive bronchitis and industrial asthma remains somewhat unclear. We are unable, therefore, to agree with the Board that further fact-finding is unnecessary. The record is not so clear that we can agree, at this stage, that any reasonable finder of fact would be obliged to infer that Janusziewicz had reason to know in 1975 that his injury was work related. Rather, because the record contains important and unresolved factual questions, we will remand in order to provide the ALJ, as the proper finder of fact, with an opportunity to make the necessary determinations.

### III.

■ Aetna asserts that the ALJ incorrectly denied its petition to intervene following the Board's remand of the matter to the ALJ in 1978. In support of its petition, Aetna relies on *Aetna Life Insurance Co. v. Harris*, 578 F.2d 52 (3d Cir. 1978), in which a Sun employee who received payments for non-work related injuries under Aetna's policy with Sun applied for compensation under the Act, contending that the same injuries were work-related. *Harris* permitted Aetna to intervene to recover mistakenly paid benefits, holding that "claims for reimbursement are questions in respect of

compensation claims and may therefore be decided in the same proceedings in which the compensation claims are decided." *Id.* at 54.

Here, the ALJ denied Aetna's petition on two grounds. First, the ALJ determined that the Aetna petition was not authorized under *Harris* because it was not filed until after the Board remanded the case back to the ALJ. According to the ALJ, *Harris* permitted intervention only at the initial hearing before the appeal to the Board. We disagree. Interpreting *Harris* to permit intervention only at the initial hearing would be unduly restrictive. In *Harris*, the Court based its decision in part on the policy of avoiding duplicative litigation and encouraging insurance companies to make swift payment on claims. 578 F.2d at 54. The intent of *Harris* was to permit reimbursement pending a final determination that a claimant is entitled to compensation. Therefore, the policy favoring intervention would be furthered by permitting intervention at both the initial hearing and at any remand proceedings.

As an additional ground for denying intervention, the ALJ decided that Aetna's petition was untimely. We reject this conclusion of the ALJ as well. Because neither the Act nor the regulations promulgated pursuant to the Act deal with the intervention question, we must, in reviewing the decision of the ALJ, rely on some other explication of the applicable standards. Rule 24 of the Federal Rules of Civil Procedure, which sets out the provisions for intervention in judicial proceedings, is applicable as a particularly instructive analogy. *See Beegan v. Brady-Hamilton Stevedore Co.*, 346 F.2d 857, 859–60 (9th Cir. 1965). The Rule itself merely states, without definition or explanation, that intervention must be "timely." But in construing that provision, the courts have given the timeliness criterion more attention and have held that the timeliness of a petition to intervene must be determined from all the circumstances, including the purpose for which the intervention is sought and the likelihood of prejudice to those already in the case. *See Natural Resources Defense Council v.*

*Costle*, 561 F.2d 904, 907 (D.C.Cir.1977) (citing *Hodgson v. United Mine Workers of America*, 473 F.2d 118, 129 (D.C.Cir.1972)).

In the present proceeding, as in *Costle*, intervention was not sought in order to reopen proceedings that would otherwise remain closed, but to "participate in an upcoming . . . phase of the litigation." 561 F.2d at 908. Aetna's intervention does not pose an inordinate burden on the administrative procedure; the question it seeks to have resolved is discrete and affects only the final calculation of damages that Janusziewicz will recover if, in fact, he prevails on the merits. Nor does intervention cause undue prejudice to either party. The only arguable prejudice would be the denial of any double recovery—first under the Aetna policy and then by his claim under the Act—that Janusziewicz might otherwise obtain. We are not persuaded that this deprivation constitutes sufficient prejudice to justify a denial of Aetna's right to intervene, especially where, as here, neither Janusziewicz nor Sun opposed Aetna's petition. Accordingly, the denial of Aetna's petition for intervention will be reversed.

### IV.

Based on the foregoing, we conclude that:

(1) The Board's reversal of the ALJ's finding that February 9, 1976, was the date of injury will be affirmed; (2) The Board's ruling that as a matter of law Janusziewicz should have known his injury was work-related in mid-1975 will be vacated and the matter remanded to the Board for proceedings consistent with this opinion; and (3) The ALJ's denial of Aetna's petition to intervene will be reversed.