787 F.2d 588
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LAWRENCE E. BROWN, Petitioner,
v.
NORTH AMERICAN COAL CORPORATION, Employer-Respondent,
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 85-3310
 United States Court of Appeals, Sixth Circuit.
 3/26/86
 
 AFFIRMED
 Ben.Rev.Bd.
 ON APPEAL FROM THE BENEFITS REVIEW BOARD
 BEFORE: MERRITT and WELLFORD, Circuit Judges, and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This action involves a miner's claim for black lung benefits under Title IV of the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. Secs. 901-945 (the Act). The miner petitioner, Lawrence E. Brown, filed a claim for black lung benefits on February 20, 1976.
 
 
 2
 In a decision and order issued over five years later, an ALJ found that the miner had satisfied one of the four alternative methods for raising the regulatory 'interim presumption' of total disability due to coal workers' pneumoconiosis, by establishing the presence of pneumoconiosis by chest x-ray, as provided in 20 C.F.R. Sec. 727.203(a)(1). The ALJ also found that the employer, North American Coal Corporation (North American), had failed to rebut the interim presumption.
 
 
 3
 On appeal, the Benefits Review Board reversed the ALJ, holding that, under the applicable law, knowledge of the exertional requirements of a miner's usual coal mine work is not necessary to rebut the interim presumption if the substantial weight of the evidence shows, as in this case, that the miner does not suffer from any respiratory or pulmonary impairment within the meaning of the Act. Since the medical evidence to that effect in this case was uncontradicted, the Board found that North American had rebutted the interim presumption under 20 C.F.R. Sec. 727.203(b)(2) as a matter of law, thus making a remand unecessary.
 
 
 4
 Brown is a 71-year old former coal miner who retired in October 1975 after approximately forty-three years of coal mine employment. He apparently retired as a direct result of a leg injury.[1] Petitioner testified that had he not been injured, he would have continued to work until he was eligible for social security retirement at age sixty-two.
 
 
 5
 While in the mines, Brown worked a variety of jobs including that of loader, duckbill operator and timberman. During his last ten years in the mines, he also worked as a bratticeman.
 
 
 6
 The miner was examined for the Department of Labor on April 13, 1976, by Dr. Miklos Paal, whose examination revealed that the miner's breath sounds were normal with no rales or wheezing. Based upon his physical examination, the normal pulmonary studies, and the chest x-ray, Dr. Paal concluded the miner had a mild degree of pneumoconiosis, which was not disabling. Dr. Paal added the miner was 'fit for coal miners work' from a cardiopulmonary standpoint.
 
 
 7
 Dr. David G. Gillespie, a pulmonary specialist, then examined the miner at North American's request on June 22, 1979. Dr. Gillespie performed a complete examination, including a history, physical examination, chest x-ray, electro-cardiogram and a variety of pulmonary function studies. On the basis of his entire examination, which included normal breathing tests and normal oxygen tension on gas exchange testing, Dr. Gillespie was of the opinion that Brown had no impairment arising from coal workers' pneumoconiosis. The doctor concluded that from a pulmonary or respiratory standpoint, the miner has no impairment from the performance of any level of physical activity.
 
 
 8
 The opinions expressed by Drs. Paal and Gillespie are corroborated by petitioner's hospital records from a hospitalization shortly after he left the mines. He was admitted on December 11, 1975 because of problems with his knee. Reports in these records, signed by the petitioner's family physician, Dr. A. J. Antalis, show the petitioner's lungs to be 'clear to percussion and ausculation throughout' on physical examination.
 
 
 9
 In Director, Office of Workers' Comp. Programs v. Rowe, 710 F.2d 251, 254-55 (6th Cir. 1983), this court addressed the standard of review applicable to a decision of the Benefits Review Board. The court stated:
 
 
 10
 This court's review of a decision of the Benefits Review Board is limited. 'The court of appeals scrutinizes Board decisions for errors of law and for adherence to the statutory standard governing the Board's review of the administrative law judge's factual determinations.' Bumble Bee Seafoods v. Director, OWCP, 629 F.2d 1327, 1329 (9th Cir. 1980). Accord Miller v. Central Dispatch, Inc., 673 F.2d 773, 778-79 (5th Cir. 1982); Janusziewicz v. Sun Shipbuilding & Dry Dock Co., 677 F.2d 286, 290 (3d Cir. 1982). The Board's function is similarly limited. It is not empowered to engage in a de novo review but rather is limited to reviewing the ALJ's decision for errors of law and to determine whether the factual findings are supported by substantial evidence in the record viewed as a whole. 33 U.S.C. Sec. 921(b)(3); 20 C.F.R. Sec. 802.301. We hold that that the Board failed to adhere to its limited statutory function.[2]
 
 
 11
 Id. at 254.
 
 
 12
 The role of this court is to determine whether the Board's decision that substantial evidence does not support the ALJ's factual findings is correct. See Presley v. Tinsley Maintenance Service, 529 F.2d 433, 435 (5th Cir. 1976). Thus, this court's focus is on whether substantial evidence supports the findings of the ALJ.[3]
 
 
 13
 The defendant concedes that the petitioner established an interim presumption of total disability due to pneumoconiosis under 20 C.F.R. Sec. 727.203(a)(1). The defendant argues, on the other hand, that it rebutted this presumption under 20 C.F.R. Sec. 727.203(b)(2), which states that the presumption shall be rebutted if:
 
 
 14
 In light of all relevant evidence it is established that the individual is able to do his usual coal mine work or comparable and gainful work . . ..
 
 
 15
 The ALJ concluded that Drs. Paal and Gillespie did not have an 'adequate understanding of the claimant's work in the mines to render an opinion that the claimant is not totally disabled as a coal miner.' He based this conclusion on Dr. Gillespie's apparent mistake that in his final years at the mine petitioner worked as a 'continuous miner' instead of a bratticeman. Dr. Gillespie testified that a 'continuous miner' was not 'a strenuous physical job.' The ALJ determined that the job of bratticeman was more strenuous than that of continuous miner and thus rejected Dr. Gillespie's conclusion that petitioner was not impaired from any level of physical activity because the doctor failed to explain to what degree petitioner's ability to walk, climb, or lift was impaired.[4]
 
 
 16
 The Board held that substantial evidence does not support the ALJ's ruling in this respect. The Board disagreed with the ALJ's conclusion that the doctors could not make an adequate nondisability determination if mistaken about the petitioner's usual coal mine work. The Board concluded that '[k]nowledge of the exertional requirements of a claimant's usual coal mine work is not necessary for a physician to form an opinion that claimant suffers no respiratory or pulmonary impairment and is therefore not impaired from performing any level of physical activity.' (Emphasis added). Thus, the Board held that the medical opinions of Drs. Paal and Gillespie were sufficient to establish defendant's rebuttal that petitioner was not disabled because of pulmonary or respiratory impairment.
 
 
 17
 We find the decision of the ALJ not supported by substantial evidence. The only medical testimony in the record is that petitioner has no pulmonary or respiratory disability. The ALJ's rejection of a doctor's conclusion because he failed to explain the degree of petitioner's ability to walk, climb or lift was unjustified. The Board's conclusion is sound that no explanation of petitioner's exertional abilities is needed if the effect of all the medical evidence is that no impairment to work exists.
 
 
 18
 We therefore AFFIRM the Board's decision rejecting petitioner's claim.
 
 
 
 [1]
 Petitioner also claims in his brief that he also retired because of pulmonary problems
 
 
 [2]
 The statute and regulation state:
 The Board shall be authorized to hear and determine appeals raising substantial questions of law or fact taken by any party in interest from decisions with respect to claims of employees under this chapter and the extensions thereof. The Board's orders shall be based upon the hearing record. The findings of fact in the decision under review by the Board shall be conclusive in supported by substantial evidence in the record considered as a whole. The payment of the amounts required by an award shall not be stayed pending final decision in any such proceeding unless ordered by the Board. No stay shall be issued unless irreparable injury would otherwise ensue to the employer or carrier.
 33 U.S.C. A. Sec. 921(B)(3) (1986);
 Sec. 802.301 Scope of Review.
 The Benefits Review Board is not empowered to engage in a de novo proceeding or unrestricted review of a case brought before it. The Board is authorized to review the findings of fact and conclusions of law on which the decision or order appealed from was based. Such findings of fact and conclusions of law may be set aside only if they are not, in the judgment of the Board, supported by substantial evidence in the record considered as a whole or in accordance with law.
 
 
 [20]
 C.F.R. Sec. 802.301 (1985)
 
 
 [3]
 Rowe emphasized the limited nature of the Board's reviewing powers and distinguished these powers from the reviewing powers of the Appeals Council in social security cases. 710 F.2d at 254, 255 n.5
 
 
 [4]
 The defendant does not challenge the ALJ's finding that the evidence of petitioner's smoking is insufficient to rebut the presumption of disability