

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-26-2002

# Consolidation Coal v. Kushak

Precedential or Non-Precedential:

Docket 1-2854

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Consolidation Coal v. Kushak" (2002). *2002 Decisions.* Paper 209.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/209

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 01-2854
_____

IN THE MATTER OF:

CONSOLIDATION COAL COMPANY,

Responsible Operator/Petitioner

v.

GEORGE KUSHAK,

Claimant/Respondent


and

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS,
United States Department of Labor,

Party-In-Interest
_____

On Petition for Review of Decision and Order of the
Benefits Review Board dated May 16, 2001
entered in Agency Nos. 0090-1 and 00-0830 BLA
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 1, 2002

Before ROTH and FUENTES, Circuit Judges, and KATZ, District Judge.

(Opinion Filed: March 26, 2002)
_____

OPINION OF THE COURT
_____


FUENTES, Circuit Judge:
    This is a petition for review sought by the Consolidation Coal
Company
("CONSOL") of the Decision and Order of the Benefits Review Board (the
"Board")

which affirmed the order of the Administrative Law Judge ("ALJ") awarding black lung benefits to claimant George Kushak.

Because we agree that the findings of the ALJ were supported by substantial evidence, we will deny the petition for review.

## I.

We state the facts and extensive procedural history of this case only in summary. George Kushak, who worked over 34 years in and about the coal mines of Pennsylvania, first filed for Black Lung benefits on January 15, 1980. Since then, his case has been before the Board four times.

In his initial Decision and Order, the ALJ found that Kushak failed to establish that his work at a repair shop for CONSOL constituted the work of a coal miner. Accordingly, the ALJ dismissed CONSOL as the responsible operator. The Board, however, later vacated the ALJ's finding with respect to Kushak's status as a coal miner and instructed the ALJ to reconsider Kushak's eligibility for benefits. On remand, the ALJ found that Kushak qualified as a coal miner with CONSOL and that CONSOL was the responsible operator. Further, the ALJ credited Kushak with 34 years of coal mine employment and found that he established invocation of the interim presumption of total disability due to pneumoconiosis pursuant to 20 C.F.R. 727.203(a)(4) and that CONSOL failed to establish rebuttal pursuant to 20 C.F.R. 727.203(b). Based on these findings, the ALJ awarded benefits to Kushak.

After several subsequent appeals to the Board and remands to the ALJ, the ALJ affirmed the award of benefits again on April 28, 2000. CONSOL then appealed that decision to the Board, contending that the ALJ erred in finding that the evidence was sufficient to establish invocation of the interim presumption pursuant to 727.203(a)(4) and in finding that the evidence was insufficient to establish rebuttal of the interim presumption pursuant to 727.203(b)(3) and (b)(4). More specifically, CONSOL argued that the ALJ failed to state an adequate rationale for finding the opinion of one doctor, who diagnosed total disability due to pneumoconiosis, more persuasive than the contrary opinions of four other doctors, who found no respiratory impairment.

In its Decision and Order dated March 16, 2001, the Board found that the ALJ

weighed all of the medical opinions and rationally concluded that the preponderance of
the evidence established the existence of a totally disabling respiratory or pulmonary
impairment due to pneumoconiosis.  Accordingly, it affirmed the ALJ's Decision and
Order on Remand denying modification and awarding benefits.  On July 12, 2001,
CONSOL filed a notice of appeal with this Court.  It maintains that the ALJ failed to rely
on substantial evidence in finding that the opinion of Kushak's treating physician
established the presence of a totally disabling pulmonary disease.

## II.

We have appellate jurisdiction over this matter pursuant to Section 21(c) of the
Longshore and Harbor Workers' Compensation Act, 33 U.S.C.  921(c), as incorporated
by Section 422(a) of Title IV of the Federal Coal Mine Health and Safety Act of 1969, as
amended, 30 U.S.C.  932(a).  We review decisions of the Benefits Review Board for
errors of law and adherence to the Board's statutory scope of review.  See Nelson v.
American Dredging Co., 143 F.3d 789, 792 (3d Cir. 1998).

When factual findings are at issue, "we make an independent factual review to
determine whether the administrative law judge's findings were supported by substantial
evidence."  Sea-Land Service, Inc. v. Rock, 953 F.2d 56, 59 (3d Cir. 1992) (citing
Janusziewicz v. Sun Shipbuilding & Dry Dock Co., 677 F.2d 286, 290 (3d Cir.1982)).
"Substantial evidence" is defined as "such relevant evidence as a reasonable mind might
accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401,
91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (citing Consolidated Edison Co. v. NLRB,
305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938)).

## III.

To be entitled to the interim presumption of total disability due to pneumoconiosis,
an individual with over ten years of coal mine employment must produce evidence in
accordance with 20 C.F.R.  727.203(a), which provides:

A miner who engaged in mine employment for at least 10 years will be
presumed to be totally disabled due to pneumoconiosis . . . arising out of
that employment if one of the following medical requirements is met:
(1) x-ray, biopsy, or autopsy established existence of
pneumoconiosis . . . or

                    (2) ventilatory studies which demonstrate the presence of
an
            impairment in the transfer of oxygen from the lung . . . or
                    (3) blood gas studies which demonstrate the presence of an
            impairment in the transfer of oxygen from the lung . . . or
                    (4) other medical evidence, including the documented
opinion of a
            physician exercising reasoned medical judgment, establishes the
            presence of a totally disabling respiratory or pulmonary
impairment.

The ALJ found that Kushak is entitled to the presumption of total
disability under
727.203(a)(4) based upon the documented opinion of Dr. Naresh Bhatt, who
diagnosed
Kushak with pneumoconiosis after treating and examining him several times.
In making
his diagnosis, Dr. Bhatt stated that he relied upon Kushak's coal mine
employment
history, his complaints of shortness of breath, wheezes in the lungs, and
x-ray
interpretations showing the presence of fibrosis in the lungs.
    Because we conclude that a reasonable mind could accept Dr. Bhatt's
medical
report as adequate to support a conclusion that Kushak has been suffering
from
pneumoconiosis, we find that the ALJ's finding that Kushak is entitled to
the presumption
of total disability under  727.203(a)(4) is supported by substantial
evidence.
    Once an individual invokes the interim presumption under
727.203(a), the
presumption can be rebutted pursuant to  727.203(b) if:
    (1) the evidence establishes that the individual is doing his usual
coal mine
    work . . . or
    (2) in light of all relevant evidence it is established that the
individual is
    able to do his usual coal mine work . . . or
    (3) the evidence establishes that the total disability . . . did not
arise in
    whole or in part from coal mine employment . . . or
    (4) evidence establishes that the miner does not or did not have
    pneumoconiosis.

CONSOL contends that several laboratory test results and the opinions of
Drs. Fino,
Morgan, Renn, and Packovich, who all found no signs of disabling pulmonary
disease,
are sufficient to establish rebuttal of the interim presumption under
subsections (b)(3) and
(b)(4).
    The ALJ cited several reasons for rejecting CONSOL's argument with
respect to

subsection (b)(3).  He observed that Drs. Fino and Morgan could not provide an alternative cause for Kushak's symptoms.  He dismissed Dr. Renn's opinion, which attributed Kushak's symptoms to depression, because it was not documented elsewhere in the record and because none of the other examining physicians had made that diagnosis.  After weighing the evidence, the ALJ finally concluded that Dr. Bhatt's opinion is the most persuasive on the causation issue.

The ALJ also found that the preponderance of the evidence does not support rebuttal under subsection (b)(4).  He explained that negative chest x-ray evidence alone does not establish rebuttal and, again, that he found the opinion of Dr. Bhatt more persuasive than those of Drs. Renn, Morgan, Fino and Packovich.  He noted that Drs. Fino and Morgan had never actually examined Kushak and that Drs. Renn and Packovich only examined Kushak once.  Dr. Bhatt, in contrast, had examined Kushak on several occasions over a three year period.  Further, the ALJ found that Dr. Bhatt provided a reasoned opinion supporting his conclusion that a causal nexus exists between Kushak's respiratory or pulmonary impairment and his coal mine dust exposure.

Because we agree with the Board's finding that the ALJ weighed all of the medical opinions and test results and reasonably concluded that the evidence was insufficient to establish rebuttal of the interim presumption pursuant to subsections (b)(3) and (b)(4), we find that his decision was supported by substantial evidence.  We have also carefully considered CONSOL's remaining arguments in this appeal and conclude that they lack merit.

IV.

For the reasons stated above and in the Benefits Review Board's well-reasoned opinion, we will deny CONSOL's petition for review of the Board's decision.

_____

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.

/s/ Julio M. Fuentes
Circuit Judge