

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-16-2006

# Univ Maritime Serv v. Ricker

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3100

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Univ Maritime Serv v. Ricker" (2006). *2006 Decisions.* Paper 888.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/888

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-3100

UNIVERSAL MARITIME SERVICES CORPORATION and
SIGNAL MUTUAL INDEMNITY ASSOCIATION,

Petitioners

v.

NILES RICKER and DIRECTOR, OFFICE OF WORKERS' COMPENSATION
PROGRAMS, United States Department of Labor

Respondents

On Appeal from a Decision and Order
of the Benefits Review Board
(BRB No. 04-0700)

Submitted Under Third Circuit LAR 34.1(a)
April 27, 2006

Before: AMBRO and FUENTES, Circuit Judges,
and IRENAS,* Senior District Judge

(Filed June 16, 2006)

OPINION

* Honorable Joseph E. Irenas, Senior United States District Judge for the District of
New Jersey, sitting by designation.

IRENAS, Senior United States District Judge

This case comes to us after a long and protracted history of litigation before several administrative law judges and the Benefits Review Board of the Department of Labor ("BRB"). Universal Maritime Services Corporation and its group self-insurer, Signal Mutual Indemnity Association (collectively "UMS"), seek review of the decision of the BRB affirming the grant of benefits to Respondent Niles Ricker ("Ricker") pursuant to the Longshore and Harbor Workers' Compensation Act ("LHWCA"). 33 U.S.C. § § 901-50. We will deny the petition for review.

I.

Because we write only for the benefit of the parties, an abbreviated recitation of the relevant facts and procedural history will suffice. Ricker began working for UMS in 1979 as a longshoreman at Port Newark and Port Elizabeth, New Jersey. He stopped working on January 30, 1995, due to disability. On July 9, 1996, Ricker timely filed a claim for disability benefits against UMS under the LHWCA, maintaining that his disability was caused by the exacerbation of his chronic obstructive pulmonary disease[1] ("COPD") and cor pulmonale[2] as a result of his exposure to industrial irritants such as

---

[1]COPD is a term used to describe two related pulmonary conditions, chronic bronchitis and emphysema. *Chronic Obstructive Pulmonary Disease*, 290 J. Am. Med. Assoc. 2362 (Nov. 5, 2003).

[2]Cor pulmonale is defined as "heart disease characterized by hypertrophy and sometimes dilation of the right ventricle secondary to disease affecting the structure or function of the lungs. . . ." *Dorland's Medical Dictionary* 376 (28th ed. 1994).

dusts and diesel fumes at the docks. UMS denied responsibility for Ricker's disability, contending that his disability was due solely to the progression of his smoking-related COPD and cor pulmonale.

In an opinion dated February 9, 1999, ALJ Paul Teitler rejected Ricker's claim for benefits under the LHWCA. ALJ Teitler concluded that UMS had successfully rebutted the presumption found in § 920(a) of the LHWCA that a claimant's disability is work-related. He held that the testimony of Dr. Marc Adelman, who stated that Ricker's disabling lung conditions were due to his long history of smoking and not his exposure to various dusts and exhaust fumes at work, was sufficient to rebut the presumption. ALJ Teitler then examined the medical testimony and reports in the record, and concluded that Ricker had not established by a preponderance of the evidence that his injuries were work-related, and thus was not eligible for benefits.

Ricker appealed ALJ Teitler's decision to the BRB. The BRB vacated the ALJ's opinion and order, holding that Dr. Adelman's testimony was insufficient to rebut the § 920(a) presumption, as "he does not state that claimant's COPD was not exacerbated by his employment or that claimant's disability is not due in part to his work exposure to dust and fumes." (App. at 16) It further stated that "[i]f the conditions of the claimant's employment cause him to become symptomatic, even if no permanent harm results, the claimant has sustained an injury within the meaning of the [LHWCA]," and noted that Dr. Adelman testified that Ricker's workplace exposures increased Ricker's symptomology

3

while at work.  (App. at 16-17)

UMS filed a motion for reconsideration of the BRB's decision.  In an *en banc* decision, the BRB denied the reconsideration request and clarified its earlier decision. The BRB instructed the ALJ on remand to "determine the nature and extent of the disability due to claimant's work-related condition."  (App. at 25)  It noted that any disability due solely to Ricker's COPD and cor pulmonale was not compensable, but that he would be entitled to benefits based upon any disability resulting from his workplace exposure to dusts and fumes.

In a decision dated August 14, 2001, ALJ Teitler again denied Ricker's claim for benefits.  He held that Ricker had not established a prima facie case sufficient to trigger the applicability of the § 920(a) presumption, rejecting his earlier conclusion that Ricker's testimony regarding the extent of his exposures to fumes and dust was credible.  ALJ Teitler renewed his conclusion that Dr. Adelman's testimony was sufficient to rebut the presumption.  He also suggested that the BRB improperly required UMS to rule out all possible work-related causes of Ricker's disability and ignored the Supreme Court's holding in *Director, Office of Workers' Compensation Programs v. Greenwich Collieries* that the burden of persuasion remains with the claimant.  512 U.S. 267 (1994).

Ricker appealed ALJ Teitler's decision.  The BRB again vacated the ALJ's opinion and remanded the matter to another ALJ for further proceedings.  The BRB reiterated its earlier opinion vacating ALJ Teitler's first decision, and specifically held

4

that it did not require UMS to rule out the possibility that Ricker's work exposures aggravated his condition.

The case was assigned to ALJ Stephen L. Purcell on remand. ALJ Purcell held a hearing on April 28, 2003. He issued an opinion and order on April 29, 2004, granting Ricker's application for benefits. UMS appealed ALJ Purcell's decision.

On May 23, 2005, the BRB affirmed the decision, holding that ALJ Purcell properly applied the aggravation rule, which provides that when an employment condition aggravates, accelerates or combines with a claimant's pre-existing condition, the entire resulting injury is compensable. The BRB concluded that ALJ Purcell's holding that Ricker was totally disabled due to the aggravation of his underlying conditions and symptoms by exposure to industrial irritants was supported by substantial evidence. UMS timely filed a petition for review of the BRB's decision.

## II.

This Court has jurisdiction pursuant to 33 U.S.C. § 921(c). This section provides that the court of appeals in the circuit where the injury occurred has jurisdiction over appeals from final orders of the BRB. Ricker's claim for benefits is based upon an injury alleged to have occurred while he was employed at Port Newark and Port Elizabeth, New Jersey.

The LHWCA does not specify the standard this Court should apply in reviewing the decisions of the BRB. We have held that we will review BRB decisions for errors of

law and to determine whether the BRB acted within its own scope of review. *Janusziewicz v. Sun Shipbuilding & Dry Dock Co.*, 677 F.2d 286, 290 (3d Cir. 1982). "[T]his Court does not review the Board's decision to determine whether it is supported by substantial evidence. Rather, we must conduct an independent review of the record, parallel to that of the Board's, to determine whether the ALJ's findings are supported by substantial evidence." *Id.*

### III.

UMS argues that the BRB erred by: (1) applying the aggravation rule when Ricker's entire disability was due to his non-work-related medical condition; (2) applying an impermissible "ruling out" standard for an employer's burden in rebutting the § 920(a) presumption; and (3) holding that Dr. Adelman's testimony was insufficient to rebut the the § 920(a) presumption. We disagree.

As an initial matter, we note that there is a crucial misunderstanding underlying the arguments of UMS regarding the nature of Ricker's injury. The LHWCA provides compensation for "disability . . . of an employee, but only if the disability . . . results from an injury occurring upon the navigable waters of the United States," including adjoining port areas. § 903(a). The term "injury" includes "such occupational disease or infection as arises naturally out of such employment." § 902(2). ALJ Purcell held that the injury causing Ricker's disability was the increased symptoms he suffered, such as coughing, wheezing, sputum production and tightness in his chest, due to his exposure to industrial

irritants at the workplace, and Ricker's COPD and cor pulmonale were non-work-related underlying conditions.

UMS maintains that the award of benefits was improperly based upon Ricker's "permanent pulmonary injury" due to COPD and cor pulmonale. (UMS Br. at 21) This may be the result of the BRB's somewhat confusing statement that Ricker is not entitled to benefits based upon his "functional impairment." It is clear, however, that this phrase refers to Ricker's impaired baseline lung functioning due to COPD, as evidenced by his poor performance on pulmonary spirometry tests. The opinions of ALJ Purcell and the BRB make clear, however, that the award of benefits was based upon Ricker's claim that the work-related injury causing his disability was the exacerbation of his pre-existing conditions by his exposure to industrial irritants.

A.

The aggravation rule provides that when a work-related injury aggravates, accelerates or combines with a non-work-related underlying condition or disease, the entire resulting disability is compensable under the LHWCA. *Indep. Stevedore Co. v. O'Leary*, 357 F.2d 812, 814-15 (9th Cir. 1966); *see also Crum v. General Adjustment Bureau*, 738 F.2d 474, 477-78 (D.C. Cir. 1984); *Gardner v. Director, Office of Workers' Compensation Programs*, 640 F.2d 1385, 1389 (1st Cir. 1981). The BRB did not err in applying this rule to Ricker's claim for benefits.

ALJ Purcell concluded that Ricker's inability to work was not due solely to his

7

COPD. He determined that Ricker was able to work until January 30, 1995, despite the decline in his pulmonary function due to COPD, and it was not until Ricker experienced a "continuous cycle of exacerbations of his underlying condition" from to workplace exposure to fumes and dust that he became unable to work. (Id.) The ALJ also noted that "[Ricker's] COPD was a permanent condition which rendered him partially disabled, and that his frequent exposure to industrial irritants in the workplace prior to January 1995 aggravated his condition and rendered him totally disabled." (App. at 62)

These conclusions are supported by substantial evidence. Dr. Adelman and Dr. Jeffrey Nahmias, Ricker's treating physician, both opined that Ricker experienced symptoms due to his exposure to industrial irritants in the workplace, and that these exposures exacerbated his underlying COPD. Dr. Adelman testified that Ricker's decreased pulmonary function due to COPD was likely in the disabling range for several years prior to when Ricker stopped working on January 30, 1995.[3] Dr. Adelman also stated that because Ricker had COPD, the impact of the exposure to industrial irritants was even greater than it would be for a person with normal pulmonary functioning.

Contrary to the suggestion of UMS, the BRB's affirmance of the award of benefits to Ricker is not based on the "theoretical aggravation of symptoms subsequent to [January

---

[3]We note that "disability" for the purposes of the LHWCA encompasses both economic and medical components. "Disability" is defined as "incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment. . . ." 33 U.S.C. § 902(10). Ricker was thus not disabled until he was unable to work, despite the fact that he suffered from a disabling condition for several years.

30, 1995]," but rather Ricker's actual medical condition at the time that he became unable to work. (UMS Br. at 18) The ALJ and BRB discussed Ricker's medical condition and symptomology subsequent to that date only in the context of determining whether his disability is temporary or permanent.

B.

The BRB correctly concluded that Dr. Adelman's testimony was insufficient to rebut the § 920(a) presumption. Furthermore, the BRB applied the statutory substantial evidence standard, rather than a "ruling out" standard, as UMS contends.

Section 920(a) provides that "it shall be presumed, in the absence of substantial evidence to the contrary . . . [t]hat the claim comes within the provisions of this chapter." The Supreme Court has held that, in order to invoke this presumption, the claimant must allege that he suffered an injury that "arose in the course of employment as well as out of employment." *U.S. Indus./Fed. Sheet Metal v. Director, Office of Workers' Compensation Programs*, 455 U.S. 608, 615 (1982). As discussed above, Ricker has offered ample proof of his entitlement to invoke the § 920(a) presumption for his claim that his disability based upon the aggravation rule.

Once a claimant invokes the § 920(a) presumption, the burden switches to the employer to produce substantial evidence that the claimant's injury is not work-related. § 920; *see also Greenwich Collieries*, 512 U.S. at 281 (holding that burden of persuasion lies always with claimant under LHWCA). Substantial evidence is "more than a mere

9

scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The employer need not rule out the possibility of a causal connection between the claimant's employment and his injury. *Conoco, Inc., v. Director, OWCP*, 194 F.3d 684, 690 (5th Cir. 1999).

The BRB did not require UMS to rule out a causal relationship between Ricker's employment and his injury.  The BRB recognized that Dr. Adelman's testimony was sufficient to rebut the presumption that Ricker's COPD and cor pulmonale were work-related, as he stated that they were caused by Ricker's history of smoking and not his exposure to industrial irritants.  The BRB correctly noted, however, that Dr. Adelman confirmed that Ricker's injury - the increased wheezing, coughing and other symptoms - was caused by his workplace exposure to fumes and dust.  UMS offered no other evidence to rebut the § 920(a) presumption.

IV.

Based upon the foregoing, the petition for review of the decision of the BRB affirming the grant of benefits to Ricker is hereby denied.

10