**TODD SHIPYARDS CORPORATION and Travelers Insurance Company, Plaintiffs,**

v.

**David R. LANDY, Deputy Commissioner for the 13th Compensation District, and Ernest C. Anderson, Defendants.**

**No. 42134.**

United States District Court
N. D. California, S. D.

March 10, 1965.

Hanna & Brophy, San Francisco, Cal., for plaintiffs, with Walter Jakobsen, San Francisco, Cal., appearing.

Cecil F. Poole, U. S. Atty., San Francisco, Cal., for defendants, with John F. Meadows, San Francisco, Cal., appearing.

WOLLENBERG, District Judge.

This is an action to restrain enforcement and to set aside an award of workmen's compensation benefits by the defendant Deputy Commissioner to defendant Anderson. Defendant Deputy Commissioner moves for summary judgment on the ground that there is no substantial dispute as to any material fact and on the record herein he is entitled to judgment as a matter of law.

Plaintiffs' case rests on two basic arguments. First, there is insufficient evidence in the record considered as a whole to support the deputy commissioner's finding that the employer had actual knowledge of defendant Anderson's injury on June 20, 1962. Second, the award of weekly compensation from November 20, 1962 to March 17, 1963 amounted to an illegal double recovery by defendant Anderson.

## I

*Was there substantial evidence in the record considered as a whole to support the finding that the employer had actual knowledge of the injury on June 20, 1962?* Yes.

■■ The evidence in the record is that defendant Anderson reported to the First Aid nurse on June 20, 1962 that he had a pain in his chest. There is some conflict in the testimony as to whether he and the nurse concurred in the diagnosis that the pain was due to a cold. Considering the evidence as a whole the deputy commissioner could quite properly have concluded, as he did, that the nurse was on notice that defendant Anderson was in sufficient pain to justify an inquiry as to the cause of the discomfort. The fact that the nurse (and perhaps defendant Anderson) reached the wrong conclusion does not preclude a finding that she had sufficient information to determine that an injury arising in the course of employment had occurred.

## II

*Was the award of weekly compensation from November 20, 1962 to March 17, 1963 an illegal double recovery?* No.

It is unclear whether the receipt of compensation and unemployment benefits for the same period of time should necessarily be denominated a "double recovery." An argument could be made that disability and unemployment are not mutually exclusive conditions.

■ However, even if defendant Anderson did have a "double recovery" no persuasive authority has been presented to this Court to substantiate the contention of illegality. Not only is the sole case cited [California Comp. Ins. Co. v. Industrial Acc. Comm., 128 Cal.App.2d 797, 276 P.2d 148, 277 P.2d 442 (1954)] not necessarily analogous and certainly not controlling but the reasoning therein was based on the assumption that the California scheme for compensating wage loss was an integrated one. No showing has been made that Congress intended the Longshoremen's and Harbor Workers' Compensation Act to be read in conjunction with state unemployment acts. At most the cited case raises a question concerning the propriety of the California unemployment award. That, of course, is a matter for the California courts to decide.

## III

Accordingly, defendant's motion for summary judgment is hereby granted.