**AMERICAN SAMOA GOVERNMENT, Petitioner,**

**v.**

**AMERICAN SAMOA WORKMEN'S
COMPENSATION COMMISSION, Respondent**

---

**LAFULAFU LEMAPU, Real Party in Interest.**

High Court of American Samoa
Trial Division

CA No. 25-98

July 10, 1998

Before KRUSE, Chief Justice, LOGOAI, Associate Judge, and ATIULAGI, Associate Judge.

Counsel: For Petitioner, Elvis R. P. Patea, Assistant Attorney General
For Respondent, Mason Martin
For Real Party in Interest, Afoa L. Su`esu`e Lutu

ORDER GRANTING PETITIONER'S MOTION FOR
INTERLOCUTORY INJUNCTIVE RELIEF

### Introduction

On February 10, 1998, the American Samoa Workmen's Compensation Commission ("Commission") ordered the American Samoa Government ("ASG") to pay Lafulafu Lemapu ("Lemapu") worker's compensation total permanent disability benefits in addition to the retirement benefits

he already receives. ASG, in its role as employer, filed for judicial review, by way of injunctive relief pursuant to A.S.C.A. § 32.0652, seeking to enjoin the continuation of Lemapu's worker's compensation benefits. Additionally, ASG petitions, apparently on behalf of the ASG retirement office, declaratory relief under A.S.C.A. § 7.1441(c), seeking reimbursement of the retirement benefits Lemapu has already received.[3]

## Discussion

In these matters we are guided by A.S.C.A. § 43.1301(j). For the issuance of a preliminary injunction, this enactment requires a showing that (1) a substantial likelihood that the applicant will prevail at the trial on the merits and that a permanent injunction will be issued; and that (2) the applicant will suffer great or irreparable injury before a full and final hearing on the application for a permanent injunction can be held regarding.

Petitioner contends that Lemapu's attempt at "double dipping" from the coffers of the ASG Retirement Fund and the Workmen's Compensation Fund is impermissible. The Commission on the other hand argues the absence of "double dipping" because retirement benefits and compensation benefits are separately based and, therefore, not duplicative. That is, retirement benefits compensate "service to government" while worker's compensation benefits compensate "inability to work."

The Commission's contention finds support in a number of cases that have upheld double recovery of worker's compensation benefits with *non-disability* benefits. For example, in *Rhodus v. American Employers Ins. Co.*, 9 So.2d 821, 825 (La. 1942), the court upheld a claimant's right to both pension benefits and his worker's compensation award resulting from the same injury, on the reasoning that no connection exists between the entitlements. Similarly, a California case, *Todd Shipyards Corp. v. Landy,* 239 F.Supp. 679, 680 (Calif. 1965), held that the receipt of benefits under the Longshoremen's and Harbor Worker's Compensation Act for the period during which the claimant received California state unemployment compensation benefits did not constitute illegal double

---

[3] The Attorney General, representing the retirement office, has perhaps jumped the gun by filing for declaratory relief at the outset. Technically, the retirement office should have separately intervened in this proceeding, just as the Real Party in Interest has done so in order to secure his interests. However, given the liberality of notice pleading in this jurisdiction, and the retirement office's cognizable claim to an interest in the fund on deposit with the court, we will treat the retirement office's claim as properly before us.

recovery. *See* Longshoremen and Harbor Worker's Compensation Act § 1 *et seq.*, 33 U.S.C.A. § 901 *et seq*. The *Landy* court predicated its decision on the plaintiff's failure to show that Congress intended the federal Worker's Compensation Act to be read in conjunction with state unemployment acts.

■ Here, however, the *Fono* has unambiguously proscribed the payment of early retirement benefits together with the payment of worker's compensation benefits brought on by some disabling condition at work. The American Samoa Government Employees Retirement Act, A.S.C.A. § 7.1441(c)(2), reads in relevant part:

> A member [of the American Samoa Government Employees' Retirement Fund] who has not attained his early retirement date and who has contributed to the fund for at least 5 years may be separated and entitled to immediate unreduced retirement annuity . . . *provided, the member is not eligible for workmen's compensation for the condition causing the separation.*

[Emphasis added.] Quite clearly then, the opportunity for "double dipping" exists here. We are not persuaded with a suggestion that the Workmen's Compensation Act need not be implemented harmoniously with the Retirement Act. Accordingly, we are not impressed with the submission from both the Commission and the Real Party in Interest that we must focus, myopically, on the provisions of the American Samoa Workmen's Compensation Act alone. The logical extension of this argument is that we not only ignore the clear legislative "double dipping" proscription enunciated in the Retirement Act, but that we disregard altogether any rights that the retirement office might have to intervene.

■ In terms then of A.S.C.A. § 43.1301(j), we conclude (1) a substantial likelihood that the ASG will prevail on the merits; and (2) the likelihood of great injury to ASG, or more precisely to the ASG retirement office, if provisional and interlocutory relief is not made available to petitioner. As we understand it, the Real Party In Interest continues to receive retirement benefits pending final disposition hereof. Therefore, the urgency for an immediate award of compensation to a disabled employee is greatly alleviated here.

The motion for preliminary injunction is granted. The payment of permanent disability benefits to the Real Party In Interest is stayed, but shall continue to be paid by ASG into the registry of the Court.

It is so ordered.